# CENTRAL RAILWAY COMPANY *vs.* ELIZABETH COLEMAN.

*Bills of Exception—Negligence—Legal Sufficiency of Evidence— Instructions to the Jury.*

A bill of exceptions to the ruling of the Court below, which is not signed by the trial Judge, will not be considered on appeal.

In an action against a street railway company, to recover damages for a personal injury alleged to have been caused by the defendant's · negligence, the evidence for the plaintiff showed that she was an old woman, very deaf, and that in attempting to cross a street she was struck by defendant's trolley car ; she testified that she heard no bell and did not see the car, and could not say how she was struck, although, before crossing the street, she had carefully looked. Other witnesses for the plaintiff testified that they were within a few feet of the place where the accident occurred; that the plaintiff was struck by the front part of the car, and that they did not hear a bell rung. The evidence on the part of the defendant was that the place of the accident afforded an unobstructed view of approaching cars ; that the bell was rung at the crossing ; that the plaintiff was not on the track or in front of the car, but that she walked into the side of the car when the same had stopped. *Held*, that since the evidence was contradictory, the question of negligence on the part of the defendant was properly left to the jury.

Appeal from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court. At the trial the plaintiff offered the following prayers :

*Plaintiff's 1st Prayer.*—That if the jury find from the evidence that the plaintiff, while crossing Caroline street, on Monument street, was struck by a car of the defendant, and injured ; and if the jury further find that the injury to to the plaintiff was caused by the want of ordinary care and prudence of the servant of the defendant, and that the plaintiff used reasonable care and caution (as defined in plff's. 2d prayer) in crossing said street, then the plaintiff is entitled to recover in this action. (Granted.)

*Plaintiff's 2nd Prayer.*—The degree of care required of the plaintiff was such as should reasonably be expected from an ordinarily prudent person in her situation, affected as she was by imperfect hearing and infirmities of age. (Granted.)

*Plaintiff's 4th Prayer.*—If the jury find for the plaintiff, then, in estimating the damages, they are at liberty to consider the health and condition of the plaintiff before the accident, with her present condition in consequence of her said injury, and whether said injuries are permanent and how far they are calculated to disable the plaintiff from engaging in those business pursuits for which, in the absence of said injuries, she would have been qualified, and also the physical and mental suffering to which she has been subjected by reason of said injuries, and to allow such damages as in the opinion of the jury will be a fair and just compensation for the injury which the plaintiff has suffered. (Granted.)

*Plaintiff's Fifth Prayer.*—Even if the jury find that there was want of ordinary care on the part of the plaintiff, yet she is entitled to recover, provided that the defendant could have avoided the accident by the use of ordinary care after it saw, or by the use of ordinary care might have seen that the plaintiff was approaching near to the track and was in danger of being struck by the car.   (Granted.)

The defendant excepted specially to the granting of the plaintiff's prayers and each of them.

The defendant offered three prayers.

*Defendant's 1st Prayer.*—The defendant prays the Court to instruct the jury that there is no evidence in this cause legally sufficient to entitle the plaintiff to recover, and their verdict must be for the defendant.   (Rejected.)

*Defendant's 2nd Prayer.*—The burden of proof is upon the . plaintiff to show that the injury complained of was caused by the want of ordinary care on the part of the defendants or their servants, and unless the jury shall be satisfied by the preponderance of testimony that the injury

complained of was caused solely by the want of ordinary care on the part of defendants or their servants, the plaintiff is not entitled to recover, and the verdict of the jury must be for the defendants.   (Granted.)

*Defendant's 3rd Prayer.*—If the jury find from the evidence that the accident complained of was in any degree owing to a want of care and caution at the time of the accident on the part of the plaintiff directly contributing thereto, their verdict must be for the defendant; and in passing upon the question of the want of proper care on the part of the plaintiff, the jury are instructed that the deafness of the plaintiff, if they find she was deaf or hard of hearing, casts upon her the duty of being more careful in keeping a proper lookout for passing vehicles than if she were in the possession of her faculty of hearing.   (Granted.)

The Court below (RITCHIE, J.), rejected the defendant's first prayer and granted its second and third prayers, in connection with the plaintiff's fifth prayer; to which action of the Court in granting the first, second, fourth and fifth prayers of the plaintiff, and each of them, and in rejecting the first prayer of the defendant, and in granting the second and third prayers of the defendant in connection with the plaintiff's fifth prayer, the defendant excepted.

The jury found a verdict for $300 for the plaintiff and the defendant appealed.

The cause was argued before BRYAN, MCSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*George Blackistone* (with whom was *T. Wallis Blackistone* on the brief), for the appellant.

The plaintiff's first prayer in part correctly sets forth the general principles governing actions for negligence, but is misleading and does not apply to the specific circumstances of this case, and is also objectionable in its reference to the plaintiff's second prayer.   The plaintiff's second prayer does not correctly state the law applicable to a person

afflicted as was the plaintiff. These two prayers are erron-
eous for the following reasons: "The plaintiff's infirmity
casts on her the duty of being more careful in keeing a
proper lookout for passing vehicles than if she was in pos-
session of her faculty of hearing." *4 Am. & Eng. Ency. of
Law*, sec. 35, p. 80; *Booth Ry. Law*, sec. 386; 8 Ohio St. ·
579; *Fenneman* v. *Holden*, 75 Md. 7; *2 Shearman & Redfield
on Negligence*, sec. 481. These prayers leave the jury with-
out proper guidance. *Zimmerman* v. *H. & St. J. R. R.*, 71
Mo. 491.

The plaintiff's fifth prayer should not have been granted.
There was no evidence that there was the slightest want of
care on the part of the motorman, either in keeping the
proper lookout or in doing his utmost to stop his car the
moment he had the slightest reason to believe that the
plaintiff was going to put herself in a position of danger.
When she stepped from the curbstone to the pavement, he
saw her and rang his gong, and did more than would ordinarily
be done in the middle of a block upon seeing an adult merely
step down from the curb—he shut off his power and applied
his brakes. He was then thirty or forty feet from her. He
did not know she was deaf—she was not blind—and he had
a right to assume that she would not walk in front of the
car or into its side. More than this, both he and the pas-
senger, Delbo, who are uncontradicted, say that upon step-
ping from the curb, many feet above the crossing, plaintiff
stopped and turned towards the point from which she came.
The moment she turned again toward the car he called to
her and pulled his reverse. Could any over-cautious motor-
man have done more, unless this Court is willing to reverse
the rule stated in *Geis'* case, 31 Md. 364, and in 62 Md. 402,
that it is to be presumed that people will keep themselves out
of difficulty and danger, and hold, that in the operation of
railways, the presumption is to be that an adult, even when
in a place of safety and in apparently full possession of his
faculties, is always to be credited with the intent to throw
himself in front of a rapidly moving car, in broad daylight,

in full sight and hearing. It is submitted that to so hold will make the operation of railways an impossibility, except at such a rate of speed that the cars can be stopped instanter. It would be to establish a principle ruinous to the companies and dangerous to the public in its tendency to encourage recklessness on its part. Placing the distance at the greatest given in the testimony, and it could not have more than three or four seconds from the time the plaintiff stepped from the pavement before she walked into the side of the car.

This fifth prayer is clearly erroneous. Railroad employees, having given the usual signals, are not required to stop a train on discovering a person on the track; but are justified in supposing that he will get out of danger. *Frech* v. *P. W. & B. R. R. Co.*, 39 Md. 580; *Schroeder's case*, 69 Md. 558; *Booth Ry. Law*, 414; *Fenton* v. *Second Ave. Co.*, 126 N. Y. 627; *Schwartz* v. *Crescent City Ry. Co.*, 30 La. An. 19. In the case of children drivers are charged with notice of their incapacity, but have a right to suppose that adults will take care of themselves. 23 *Am. & Eng. Ency.*, p. 1026; *Schulte* v. *N. O. Ry. Co.*, 44 La. An. 511; *N. C. Ry. Co.* v. *Geis*, 31 Md. 366.

The defendant's three prayers should have been granted without modification or qualification. The defendant's first prayer asks the Court to instruct the jury that there is no evidence in the case legally sufficient to entitle the plaintiff to recover. This Court needs no authorities upon the right and duty to grant this prayer upon a proper state of facts, and it is submitted that a stronger case of the propriety of granting it could hardly be presented than is disclosed by the record in this. A car can be seen approaching for nearly half a mile, on an open wide street, yet it is not seen and is not heard. The plaintiff does not cross at the regular flag crossing, but near the middle of the square. She was not a passenger. There is no presumption of negligence on the part of the defendant. Is there anywhere in the evidence anything to prove negligence on its

part? The burden is on the plaintiff. *State, use of Miller,* v. *B. & O.,* 58 Md. 224; *State, &c.,* v. *Malster,* 57 Md. 309.

The plaintiff's contributory negligence is clear. It was error to submit the case to the jury. *Am. & Eng. Ency.,* p. 1026, and notes 2 and 3, vol. 23; *R. R. Co.* v. *Houston,* 95 U. S. 702; *P. W. & B. R. R.* v. *Stebbing,* 62 Md. 514-15; *Kelly* v. *Hendric,* 26 Mich. 261; *Thomas* v. *Citizens Ry.,* 132 Pa. St. 504; *State, use of Dryenfurth,* v. *B. & O. R. R.,* 73 Md. 377-8; *Ehrisman* v. *Harrisburg Ry. Co.,* 150 Pa. St. 186; *Booth on Street Railways,* secs. 311-12; *Wharton on Negligence,* sec. 384; *Beach on Contrib. Neg.,* sec. 63; *Busby* v. *Phila. Traction Co.,* 126 Pa. St. 561.

*C. D. McFarland* (with whom were *Peter J. Campbell* and *S. P. Campbell* on the brief), for the appellee.

The prayers granted by the Court are strictly in accordance with the law, as stated in the recent case of *The Baltimore Traction Co.* v. *Wallace,* 77 Md. 435, and it is needless to cite further authorities. The first prayer of defendant, "that there is no evidence in this cause legally sufficient to entitle the plaintiff to recover," being general in its terms, it is understood to raise the single question, whether there was any evidence of negligence on the part of the defendant, and does not in any way raise the question of contributory negligence on the part of the plaintiff. Under the authority of *Hatton* v. *McClish,* 6 Md. 407; *Casey* v. *Suter,* 36 Md. 1; *Kinsey* v. *Minnick,* 43 Md. 112; *Gill* v. *Weller,* 52 Md. 8, and *Shipley* v. *Shilling,* 66 Md. 558, it would seem that defendant's first prayer is too general to raise any question for the consideration of this Court.

There was evidence of negligence on the part of the defendant. If there was any evidence from which an honest and fair-minded jury could find the fact sought to be proved, then the case should not be taken from the jury. *Cole* v. *Hebb,* 7 G. & J. 20; *Tiffany* v. *Savage,* 2 Gill 129; *Corner* v. *Pendleton,* 8 Md. 337.

Before the defendant would be entitled to have granted its first prayer, it must admit the truth of the testimony offered on part of the plaintiff, and of the testimony offered by defendant, which may operate in her favor, and the existence of material facts reasonably deducible therefrom. *Spring Garden Ins. Co.* v. *Riley,* 9 Md. 1 ; *Williams* v. *Woods,* 16 Md. 220 ; *Green* v. *Ford,* 35 Md. 82 ; *Tyson* v. *Tyson,* 37 Md. 567; *Kagel* v. *Totten,* 59 Md. 447; *Balto. & Ohio R. R.* v. *Keedy,* 75 Md. 320.

There was evidence for the consideration of the jury to prove negligence on the part of defendant. Before crossing Caroline street plaintiff looked, and neither saw nor heard any cars. The witness, Wetmore, saw plaintiff in the street when he was twenty feet from her ; saw she was in danger and ran to aid her. If the motorman had been exercising the care required of him by law, he also would have seen her in time to avoid running against her. The motorman saw her when he was from thirty-five to forty feet from her, when she turned around, not to avoid the car, indicating that she was not aware it was coming, but to look for something she had dropped. Mrs. Noll said plaintiff was bewildered ; the motorman could have seen her condition as well as the witness. The statement made by the witnesses for defendant that plaintiff walked against the side of the car, while it was moving, is improbable. In that way defendant undertakes to account for plaintiff's injuries. All the facts of the case were properly submitted to the jury, under the instructions, and the judgment ought to be affirmed.

BRISCOE, J., delivered the opinion of the Court.

This was an action brought by the appellee against the appellant for personal injuries alleged to have been sustained by her while crossing Caroline street, in the city of Baltimore. The verdict was for the plaintiff, and the defendant has appealed.

At the trial there was a special exeeption reserved to the

granting of the first, second, third and fifth prayers of the · plaintiff, for the want of sufficient evidence to sustain them. This exception is not signed by the Judge, and not being properly before us, the questions raised by the facts cannot be considered by us. In the case of *Nat. Bank of Chester Co.* v. *Armstrong*, 66 Md. 119, we said: " But we do not · decide what would have been our determination of this question, if the facts set out in this certificate were properly before us, because we are all clearly of opinion that we cannot consider them. This Court is strictly an appellate tribunal, and on an appeal in a civil suit like this, the facts of the case and what occurred at the trial can be legitimately certified to us only through the medium of bills of exceptions taken to the rulings of the inferior Court, regularly signed by the Judge ; and our duty is confined to a review of these rulings. On such an appeal, what is outside of the exceptions is outside of the record. There is no statutory or other legal authority for the certification of facts to this Court in such a case by means of a certificate like this. In every such case the judgment must stand or fall, according as the rulings excepted to are decided to be correct or erroneous, unless it appears that the party appealing has suffered no injury by an erroneous ruling against him, and this must appear solely from the verdict and the rulings and facts embodied in the exceptions."

The defendant's second and third prayers were granted in connection with the plaintiff's fifth prayer, but its first prayer was rejected, which asked the Court to instruct the jury that there is no evidence in the cause legally sufficient · to entitle the plaintiff to recover, and their verdict must be for the defendant. And the sole question here is, was the evidence adduced legally sufficient to show that the plaintiff was injured by the negligence of the defendant or that of its agents. It is the settled law of this State, as well as in England, that the legal sufficiency of evidence is a question of law for the Court. The onus of proving that the injury was caused by the negligence of the company, is on the

plaintiff, and if there be no evidence legally sufficient for that purpose, there can be no recovery.

The evidence here shows that the plaintiff was an old woman seventy-seven years of age and very deaf—so deaf that she could not hear the bells rung upon the cars in the streets adjoining the Court House, although her attention was called to them. She heard the counsel in the case with difficulty. She testified that on the afternoon of March 28th, 1893, " She left her daughters to start up Caroline street, in the city of Baltimore, the way she had often gone ; that she always looked at the crossings ; that she walked across, and that was the last ;" that she attempted to cross Caroline street, above the flagging at Monument street, and was struck by the car on the left side of the nose and face. She could not tell how far she went up Caroline street before she crossed, nor how she fell, nor how she was struck. She heard no bell. The witness, Wetmore, testified on behalf of the plaintiff, that he was on the southwest corner of Monument and Caroline streets, and about twenty feet from the place where the accident occurred ; that the plaintiff was struck by the brass handle on front of car ; that he did not hear the bell ring. The witness, Carroll, who was with Whitmore at the time of the accident, also testified that he heard no bell ; that he could have heard it if one had been rung. The testimony on the part of the defendant is to the effect that the bell was rung ; that Caroline street is a wide street, where a car can be seen for a long distance ; that the plaintiff never was on the tracks, nor in front of the car, but that she walked into the side of the car, and was struck while walking toward the track ; that there was no negligence on the part of the company ; that the car was not going when she walked into the car.

Now, upon this evidence, we think the Court was right in not withdrawing the case from the jury. The first prayer was in the nature of a demurrer to the evidence, and was a concession of facts, but a denial of their legal sufficiency. It is obvious that the material facts in this case are conflict-

ing, and the plaintiff was entitled to have the whole evidence passed upon by the jury.   In the recent case of *B. & O. R. R. Co.* v. *Keedy and Snyder*, 75 Md. 324, we said: " The evidence may not have been of such a character as to convince all minds that there was culpable negligence on the part of the appellant's agents, but if there was any evidence from which a jury might honestly reach a conclusion, then there was no error in allowing the jury to consider it."

There was evidence tending to show that the bell was not rung, and that the plaintiff was not struck by the car, as testified to by the defendant's witnesses.   These were material facts and questions properly left to the jury.   We only deem it necessary to cite a few of the leading cases applicable here.   *Baltimore Traction Company* v. *Wallace*, 77 Md. 412 ; *Kean* v. *Balt. & Ohio R. R. Co.*, 61 Md. 167 ; *Tyson et al.* v. *Tyson*, 37 Md. 582; *Green* v. *Ford*, 35 Md. 86.

We have carefully examined the other prayers granted by the Court, and find them correct.   They contain the correct principles of law applicable to this case.   *Baltimore Traction Company* v. *Wallace*, 77 Md. 437.

It follows from what we have said, that this case was properly left to the jury and the judgment will be affirmed.

*Judgment affirmed with costs.*