# THE BALTIMORE AND POTOMAC RAILROAD CO. *vs.* HENRY S. JEAN.

*Injury to Passenger Getting off Car in a Tunnel—Contributory Negligence.*

Plaintiff, a passenger on defendant's railway, wished to get off at the Penn. Ave. Station which was at an opening about 300 feet long in a tunnel. When the train neared the station the conductor came into the car where the plaintiff was and called twice in a hurried manner "All out for Pennsylvania Avenue Station," and went into the next car. The train slowed up and plaintiff went on the platform and saw the conductor on the bottom step of the next car. When plaintiff was satisfied that the train had stopped he got on the bottom step of the car which was still in the tunnel where it was dark. Then there was a sudden movement which caused plaintiff to lose his footing and hold and threw him off. *Held*, that it was for the jury to determine whether the plaintiff was misled by the announcement of the conductor and believed that the station and place for alighting had been reached and whether he acted carelessly in standing on the step at the time he did, and that consequently the questions of defendant's negligence and plaintiff's contributory negligence could not be determined by the Court as matters of law.

Appeal from the Circuit Court for Harford County (WATTERS, J.), where there was a verdict and judgment for the plaintiff for $3,500.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER, JJ.

*Charles H. Carter* (with whom was *Thomas H. Robinson* on the brief), for the appellant.

*S. A. Williams* (with whom was *D. G. McIntosh* on the brief), for the appellee.

PAGE, J., delivered the opinion of the Court.

This is an action to recover for injuries received by the appellee, while a passenger on the train of the appellant. The

appeal is from the rulings of the lower Court upon the prayers, of which the Court granted the two offered by the appellee, and the fourth, seventh and eighth of the appellant; and refused its first, second, third, fifth and sixth.

By the first, second and third prayers of the appellant, the following questions are raised; 1st. Is there any evidence of negligence on the part of the appellant, 2nd. Did such negligence cause the injuries complained of, and 3rd, was the appellee guilty of contributory negligence. These three prayers respectively are to the effect that there is no evidence in the case, sufficient to legally establish any of these matters; and therefore the verdict of the jury should be for the appellant.

*First,* is there any evidence legally sufficient of negligence on the part of the appellant?

The appellee was a passenger on the train of the appellant, on his way from Washington to Baltimore. He proposed to leave the train at Pennsylvania avenue, a station, situated at an opening in the tunnel. This opening is three hundred and thirty-two feet long. The station platform is at the bottom of a deep cut and runs the entire length of the opening. The train consisted of a locomotive, a baggage car, a sn.oker and two ladies coaches in the rear. The evidence of the manner in which the accident happened, relied on by the appellee to sustain his view of the case, may be briefly stated as follows. As the train approached the station, the conductor came in the smoking car, where the appellee was seated, and cried out "all out for Pennsylvania Avenue station." His manner was hurried—"he had a hustle on." He passed through the car after giving this warning twice, and went out of the rear of the car. The appellee then rose and passed down the aisle. The speed of the car was then decreasing, and it was soon difficult to determine whether it had stopped or not. Just as the conductor closed the door of the ladies car, whither he had gone, the appellee stepped through the door of the smoking car. The conductor then left the platform of the ladies car and went down the steps to the bottom step, and leaned his body out and looked ahead. The appellee testified, "just at that time

I started from the platform having satisfied myself that the car had stopped, and when I got to the bottom step or before I got to the bottom step and was just going to step from the step, next to the bottom step, the conductor sprang up the other side, of the ladies car," and I had arrived so far upon the lower step, having this hand hold of the railing or bar— and I turned and I looked over my shoulder to see what he was going to do and I saw him" taking hold of the knob of the door of the ladies car, and "I supposed he was going to let the ladies alight"—"and then I looked this way and found myself confronted by utter darkness, and knew in a flash I was in the tunnel." Then there came a surge and the appellee lost his footing and fell. Here then is a case, if the jury found the facts just stated, where the position in which the appellee found himself may have been due to the fact that the conductor prematurely directed the passengers to leave the car. The words "All out for Pennsylvania Avenue Station," amounted to a direction to leave the car, or at least the appellee may reasonably have so regarded it. *Anderson's case*, 72 Md. 528. The appellant was bound to use the highest degree of care which was consistent with the nature of its undertaking. *B. & O. R. R.* v. *Hauer*, 60 Md. 462.

The appellee had a right to assume that "the defendant would not expose him to any danger, which, by the exercise of due care could be avoided," *Ibid.* So that when the conductor cried out "All out," &c., in such a manner as was calculated to mislead the appellee, it was guilty of negligence. And if the jury found, as there was evidence for them so to do if they saw fit, that the train came to a stand still, before the platform was reached, the negligence would be more glaring. There was much evidence contradictory of many of the facts of the case as we have stated them, but "mere contradiction can never justify the Court in finding a legal insufficiency of evidence." *Baker* v. *Maryland Coal Co.*, 84 Md. 29.

Was the appellee guilty as matter of law of contributory negligence? The appellee's prayer, granted by the Court, requires the jury to find, as one of the conditions of the

appellee's right to recover, that "throughout the time from said announcement by the conductor until thrown from the step, the plaintiff acted with that degree of care which an ordinarily prudent man . would observe under like circumstances; " and the effect of the appellant's prayer, asked for but refused, would have been that by the "undisputed evidence in the case" the appellee did not exercise such care, and thereby contributed to the injuries of which he complained.

It was said in *B. & O. R. R. Co.* v. *Wiley*, 72 Md. 40, "To justify a Court in saying that conduct is *per se* contributory negligence, the case must present some such feature of recklessness, as would leave no opportunity for difference of opinion as to its imprudence in the minds of ordinarily prudent men." The same principle is thus stated in *Winkelmann* v. *Colladay*, 88 Md. 92, "It is well settled, that unless there is some prominent and decisive act in regard to the effect and character of which no room is left for ordinary minds to differ, Courts will not withdraw the case from the consideration of the jury." *Central Ry. Co.* v. *Coleman*, 80 Md. 337. In the case at bar, if the question as to the appellee's negligence or want of care arises upon a state of facts on which reasonable minds may arrive at different conclusions, it ought to have been submitted to the jury. *Maugan's case*, 61 Md. 52.

Now upon the appellee's hypothesis of fact, (and we have already shown there was evidence in the case tending to sustain it) the call of the conductor, "all out for Pennsylvania Avenue Station" amounted to a notice that that station was reached, and also to an invitation to all persons desiring to get off there, to leave the car. If the jury found this fact, and that the appellee was misled thereby, the mere going on the platform at the time he did could not *per se* be unreasonable or negligent on his part, unless in the act of going there or in his conduct while there, he acted imprudently or recklessly. As was said in *Leapley's case*, 65 Md. 571, "it would come with a very ill grace from the road, to say to the passenger, you have been careless and negligent because you obeyed the order of my agent."

But it is contended that his conduct while on the platform of the car was so reckless as in itself to amount to legal negligence.   If, however, he was reasonably misled by the announcement and conduct of the conductor, into the belief that the station was reached (as he testified he was), and was "satisfied" after proper attention that the car had come to a standstill, it was not *per se* reckless or imprudent to go down the steps for the purpose of alighting.   There is no evidence of an attempt to alight, further than going down the steps, and it was while on the bottom step that the "surge" came which loosened his grasp on the rail and threw him to the ground. Whether in the exercise of ordinary care, he ought to have known that the train had not come to a standstill, (if the jury should so find), or that the platform was not reached, or that the train was yet in the tunnel, are facts which in the nature of the evidence the Court could not assume.   They are relied on by the appellant to show the heedlessness of the appellee's conduct.   The particular conditions then existing, the dark tunnel, the situation and brilliancy of the lights in the open cut, the actual speed of the train, if it had not stopped, as well as the probable fact that the watchfulness of the appellee may have been lessened by his reliance upon the direction of the conductor to leave the train, were all facts to be considered, before it could be determined, whether he had acted as a reasonably prudent person.   The jury and not the Court were to determine, whether he knew or by ordinary care should have known, whether he was still in the tunnel; or whether by ordinary care he should have known whether the train had stopped, or not.   In a case like this the negligence of the appellee is not a question of law, but of fact, depending for its determination upon "a consideration of all the facts and circumstances in connection with the ordinary habits, conduct and motives of men." *Price's case*, 29 Md. 440.

We are therefore of the opinion that the question of the alleged negligence of the appellee was properly submitted to the jury in the appellant's fourth, seventh and eighth prayers which were granted.   Its first, second and third were properly rejected.

Finding no error in the rulings of the Court the judgment will be affirmed.

*Judgment affirmed.*

(Decided January 20th, 1904 )