WELLS AND McCOMAS COUNCIL NO. 14, JUNIOR ORDER UNITED AMERICAN MECHANICS *vs.* WILLIAM J. LITTLETON, ADMINSTRATOR OF ELIZABETH J. LITTLETON.

*Benefit Societies—Construction of By-Laws—Right of Beneficiary to Sue Without Exhausting Remedies Within the Order—Evidence— Admission Made at Former Trial.*

The defendant benefit society collected from allied societies $500 as funeral benefits due upon the death of a member but refused to pay the same to the plaintiff, the beneficiary of the deceased member, alleging that his dues were in arrears at the time of his death, and offered plaintiff $30 as the amount payable upon the death of a non-beneficiary member. The by-laws of the society gave to any member an appeal from any action of his council to a Superior Council and prescribed a minute appellate procedure. One section of the by-laws provided that "in all cases of appeal, whether relating to questions of disability or death benefits, the appellant or his benefiaries shall be required to exhaust all regular methods of appeal to the subordinate, State and national council of the order, and that the action of the several bodies passing thereon shall be binding upon all parties until reversed by the higher body to which the last appeal shall be taken." There was no express requirement of an appeal by a beneficiary within the order. Plaintiff was not informed that she had any right of appeal within the order from the action of the society upon her application. *Held*, that the plaintiff was not precluded from bringing an action at law by her failure to appeal to another tribunal within the order.

In an action to recover death benefits from a fraternal society, where the defence was that the deceased member was in arrears, a witness cannot be asked what the effect was of the non-payment of the member's dues at a certain time, because that involved a question of law to be determined by the Court upon an examination of the by-laws of the society.

In such action an officer of the defendant society cannot be asked what
he would have done if the dues of the deceased member had been paid
at a certain time.   Evidence as to what the officer did do is admissi-
ble, and the question as to what he should have done was for the Court
to determine.

Nor can a witness in such case be asked whether under certain hypothet-
ical circumstances a member of the association would be a beneficial
or non-beneficial member, because that relates to a matter of law.

The declaration alleged that the defendant society had collected a certain
sum as funeral benefits from allied societies on account of the death of
a member and that the plaintiff was entitled to the sum as that mem-
ber's beneficiary under the certificate.   *Held*, that a printed copy of
the by-laws of the allied societies was admissible in evidence and was
not a variance from the declaration.

When an attorney at a former trial of the same case admitted that a cer-
tain book contained the by-laws of the defendant society, the book is
admissible in evidence on the second trial, and the admission of coun-
sel cannot be withdrawn.

Appeal from the Baltimore City Court (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER,
PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*W. Harry Holmes* and *Forrest Bramble* (with whom was *W.
G. Towers* on the brief), for the appellant.

*Vernon Cook* (with whom were *Gans & Haman* on the brief),
for the appellee.

PEARCE, J., delivered the opinion of the Court.

This suit was instituted by Elizabeth J. Littleton for the re-
covery of the sum of five hundred dollars which she claimed
as the beneficiary of John M. Littleton, a deceased member of
the fraternal and beneficial association known as the "Wells
and McComas Council No. 14, Junior Order United Amer-
ican Mechanics," and the judgment in that case was reversed,
upon the plaintiff's appeal, and a new trial was awarded.
After the first trial, and before a new trial was had, Elizabeth
J. Littleton died, and her administrator was made the party
plaintiff in her place.   The second trial resulted in a verdict

and judgment for the plaintiff for the full amount claimed, and from that judgment this appeal was taken.

Upon the first appeal, 98 Md. 453, it was determined: 1st, that the beneficiary can sue an unincorporated association, such as this appellant is, in the name by which it is commonly known, without suing its individual members; and, 2nd, that by accepting the $500 paid to it by the two funeral benefit associations connected with the appellant, for the use of the beneficiary of the deceased member, John M. Littleton, the appellant admitted him to be in good standing at the time of his death, and therefore there was evidence sufficient to send the case to the jury upon the right to recover the amount so paid to the appellant.

The appellant is a subordinate Council of the Junior Order United American Mechanics, a very large beneficial organization, and John M. Littleton had been a member of this council for several years before his death, which occurred December 15th, 1900. His annual dues were $8.60 payable quarterly at the end of each thirteen weeks in the year. These were all duly paid up to the quarter ending June, 1900, and the next quarter's dues were payable September 26th, 1900. These were not actually paid until October 10th, 1900, and the next dues were not payable till December 26th, 1900. Section 2 of Art. 4 of the by-laws of the appellant provided that "no brother owing thirteen weeks or more dues, shall be entitled to receive weekly, or death benefits, *until thirteen weeks after paying all arrears.*" This period had not elapsed between October 10th, 1900, the date of last payment of dues, then two weeks in arrears, and December 15th, 1900, the date of his death, and upon this ground, the appellant refused to recognize the beneficiary's claim to death benefits.

Sec. 1 of Art. 13, of the Laws of the Junior American Mechanic Funeral Benefit Association, requires that upon the death of any member of a council holding membership in that association, the secretary of the council shall forward application for death benefits to the Secretary of the Funeral Benefit Association, and also requires the latter to certify to the com-

mittee on benefits that the council is in good standing, *and that the member's name is upon the roll*; and Art. 10 provides that upon the death of a member of a council in good standing in the Funeral Benefit Association, the council shall receive funeral benefits, as specified therein, in accordance with the time of enrollment of said member upon the books of said association, and the amount of such funeral benefits in this case was $250.

Like provisions are found, in even stronger terms in the laws of the other allied association (the "Junior Order United American Mechanics Death and Sick Benefit Association, Maryland and District of Columbia)and the amount of funeral benefits due therefrom in this case is the same, $250.

Upon the death of John M. Littleton, the appellant made demand upon these two Funeral Benefit Associations for the funeral benefits above stated, and those sums were accordingly paid over to it, *as such funeral benefits*, but the appellant refused to pay them over to the beneficiary, and tendered instead, $30, as the full amount due under sec. 3 of Art. 5 of. the by-laws of appellant, to a non-beneficial member.

This defense was fully considered by JUDGE BOYD on the former appeal from whose opinion we may reproduce brief extracts fully disclosing the ground upon which the defense was denied.    The Court said, "It may, and sometimes does occur, that they (these benevolent societies) are excused from paying death benefits out of their treasury, on account of some default of the members, which seems to work a hardship in individual cases, but it is· necessary and proper that they be sustained for the general good of the members, and to avoid fraud .or imposition upon the orders.    But when an order takes the position that a deceased member held such a rela-tion to it, as to entitle it to demand payment of death benefits from a Funeral Benefit Association, by reason of his death, and at the same time says that such relation of the member to it, was such as to deprive his beneficiaries of those death benefits, it behooves a Court of justice to give very close scrutiny to by-laws, or other rules that might work such results before

giving its sanction to them.    *    *    *    It would be contrary
to the policy of the laws of this State in dealing with bene-
ficial societies, to permit one of them to thus profit by the ap-
plication of technical rules, and thus prevent the outgoing of
money that came into its treasury through a liberal construc-
tion of the very terms now relied on.    *    *    *    As we think
the council was only entitled to collect from the Funeral
Benefit Association the money paid it by reason of the death
of Littleton, on the theory and assumption that he was in good
standing when he died; and as we are satisfied that under a
proper interpretation of the rules, the money was intended to
be paid to the Council for the use of Littleton's beneficiary,
and was actually so paid, we are of the opinion that the Coun-
cil, by thus accepting the money, has admitted, and therefore,
there was evidence, that Littleton was in good standing and
that the beneficiary could recover, the amount paid to the
Council by the two associations, after deducting all costs and
expenses if any, connected therewith, and all charges legally
due the Council by Littleton at his death."

Littleton having left no widow or child, his mother became
his beneficiary under the laws of the Council, and there can
be no question she was the proper person to sue for the death
benefits.

So far, therefore, as the standing of John M. Littleton as a
beneficial member of the Council is concerned, and as the
standing of his beneficiary, to recover in this suit is concerned,
unless disentitled upon other grounds than that mentioned, or
·unless precluded upon this trial, by other errors in the rulings,
the judgment and opinion in the former appeal may be re-
.garded as conclusive, and the contention, repeated in this ap-
peal, that the money.paid to the Council by the Funeral Bene-
fit Associations, was paid, not because of the standing of the
member, but because of the standing of the Council of which
the deceased was a member, having been already decided upon
full consideration, has no proper place in the consideration of
this appeal.    But it is contended by the appellant that not-
withstanding the former decision, the beneficiary is not entitled

to recover more than the $30 tendered her, because it is alleged that the Council decided she was only entitled to that sum, and that as she has not appealed from that decision to the State Council of the defendant organization as provided in its laws, that decision became final and conclusive upon her. This question was raised by the appellant's fifth exception to the rejection of its prayer offered at the conclusion of the plaintiff's case, but this prayer having been again offered at the conclusion of the whole case, any error in the ruling thereon at the earlier stage of the cause is waived. *Barabasz* v. *Kabat*, 91 Md. 53. The same objection however is raised by the ninth exception to the ruling upon all the prayers offered at the close of the whole case, and as the ruling upon this prayer as re-offered goes to the root of the whole case we will consider that first.

Art. 28, secs. 1 to 9 of the General Laws of the Council deals with the subject of appeals. Sec. 1, gives to any *member*, an appeal from any *action* of his State or Subordinate Council, within three months from the date of such *action*, by presenting his appeal to the secretary of the Council whose action is to be appealed from. Sec. 2 requires the secretary of such Council to attest such appeal to the Council at its next meeting, and to forward the same with a transcript of the minutes, to the next highest body, within ten days after reporting the appeal to the Council. Secs. 3, 4, 5, 6, 7 and 8 relate to appellate procedure, and are immaterial here. Sec. 9 is as follows: "In all cases of appeal, whether relating to questions of disability, or death benefits, or grievance, the appellant, or his beneficiaries, shall be required to exhaust all regular methods of appeal to the Subordinate, State and National Council of the Order, and that the action of the several bodies passing thereon, shall be binding upon all parties, until reversed by the higher body to which the last appeal shall be taken."

The appellant's authorities in support of this prayer are: *Anacostia Tribe* v. *Murbach*, 13 Md. 94; *Osceola Tribe* v. *Schmidt*, 57 Md. 98; *Triesler* v. *Wilson*, 89 Md. 177, and *eigand* v. *Fraternities Order*, 97 Md. 443.

The two cases first above mentioned were both suits by a *member* to recover sick benefits, in which it was ·held that the *member* was concluded by the decision of the Tribe and Grand Council, and that there was no jurisdiction in the Court to render judgment contrary to their finding, upon the application of a member for the benefits of the association.    The case in 89 Md. was a petition for a *mandamus* alleging fraud in the elections of defendants as directors of a life insurance company, and praying that they be commanded to vacate the offices and yield possession to the petitioners as the legally elected directors.    The defendants relied upon a by-law making the decision of the Judges of Election final and· conclusive in all cases.    In reversing the order of the lower Court dismissing the petition, we referred to the cases above mentioned as establishing the conclusive effect of reasonable by-laws upon the individual and personal rights of members who have assented thereto by joining the association, but we remanded the cause that the allegations of fraud in the election of directors might be inquired into.    It is seen therefore that none of these cases were in themselves decisive of the rights of any persons other than members.

In the case of *Weigand v. Fraternities Order*, 97 Md. 443, the suit was brought by a widow, as beneficiary of a deceased member of the order to recover $3,000, the amount of insurance stipulated in the certificate.    The association had approved her claim only for $150, and filed a special plea alleging that by the contract between the deceased and the company, its laws were declared to be binding upon the applicant and the beneficiary, and specifically alleging that under sec. 32 of its laws any beneficiary who considered the decision of the executive committee against him in respect of a claim for benefits, to be unjust, or not in accordance with the order, is required to appeal in the following manner, that is, "from the decision of the executive committee to the Grand Council within sixty days after the decision is rendered."    A demurrer to this plea was overruled, and this ruling was affirmed on appeal.    The Court said, "Applying the principle settled in

the Maryland cases *to the one now before us,* there seems to be no valid reason why the rule should not apply to a beneficiary as well as to the member insured.   The contract of membership is made with reference to the by-laws and regulations of the association; and these are treated as part of the contract, and as the benefit fund is made payable to the beneficiary 'in accordance with, and under the provisions of the laws governing the order,' the appellant must be held subject to them."

But there are several obvious and important differences between that case and the case at bar, which in our opinion withdraw the latter from its apparent authority.   Nowhere in the laws of this association, furnished us in evidence by agreement, can be found any express requirement or right of appeal by a beneficiary within the order.   Law 28, entitled appeals, contains nine sections providing minute details upon this subject and giving an express right of appeal to members and to Subordinate Councils only.   The only place in which the word, *beneficiary,* occurs in this law upon appeals is in sec. 9 already set out in full, and its ambiguous language is not only in marked contrast with the by-law which in *Wiegand's case,* in clear and unambiguous terms, provided for an appeal by a beneficiary as well as a member, but in equal contrast with the language of sec. 1 of Law 27 in the present case, which when providing for appeals in specific and affirmative terms, confines them to members and Subordinate Councils.   To deprive the Courts of their jurisdiction, by inference drawn from such a by-law, cannot be justified upon principle, and is neither required nor sanctioned by anything we have held or said in *Wiegand's case.*

Moreover in *Wiegand's case,* the grand executive committee, acting upon the application of the beneficiary, came to a decision (upon the evidence offered to prove that the deceased died by such accidental means as was within the intent and meaning of the laws of the order) that under its laws, the appellant was entitled to $150, and no more; and this decision was immediately made known to the beneficiary, and she was notified that if she was not satisfied with this decision, she

should appeal as prescribed in section 32 of the laws of the order.

But in the present case it does not appear there was any evidence offered, examination of the record made, hearing had, or decision made, by the council in respect to this claim, or that any action of any sort was ever taken, except that "when Littleton died, the council drew an order on its treasury for $30 to be paid his beneficiary on account of his death, and that she took no action in the council, or in the organization, with reference to the action of the council in offering her $30." It nowhere appears she was told, or knew that this offer was the result of any decision made upon her claim, or that she had any right of appeal from such action within the order, which she was required to exhaust before resorting to the Courts. An appeal can only be taken from some decision or a judgment rendered, in the nature of definite final determination of some disputed matter, and even if it appeared that such a decision had been made in this case, and she had been informed of that fact, her right and remedy would have been effectually defeated by the failure to inform her of her right and duty to appeal within the order. To deprive a beneficiary, not a member of the order, of all remedy, upon constructive notice of a right and duty to appeal within the order would be to establish a rule which no Court could sanction. For these reasons we think there was no error in refusing defendant's first prayer.

The defendant's 2nd, 3rd and 4th prayers are all directly in the teeth of the opinion in the former appeal, and especially of that portion of the opinion from which we have quoted in this opinion, and they do not require present consideration.

The plaintiff's 2nd prayer correctly states the whole law of the case as determined herein and in the former appeal, and was properly granted.

The exceptions to the evidence remain, and these may be briefly disposed of. The first exception was to the refusal to allow the following question to be put to the sister of the insured who made the last payment of dues for him, as she

alleged on September 26th, 1900. "What was the effect if it was not paid the last meeting night in the month?" This was a question of law to be determined by the Court upon examination of the by-law relating to the matter, and there was no error in the ruling.

W. J. Davis, the financial secretary of the order, being on the stand, a printed copy of the by-laws and proceedings of the Junior Order United American Mechanics Death and Sick Benefit Association of Maryland and the District of Columbia was handed him, and he was asked to say whether it was the authorized edition of its by-laws. To this question the defendant objected, not because of the proposed method of proving the by-law, but avowedly upon the sole ground of alleged variance between the offer of proof and the allegations of the declaration, and to the admission of this question the second exception was taken. This association was one of those connected with the defendant, and which it was shown had paid to the defendant $250 as death benefits on account of the death of Littleton. The first count of the declaration was for money had and received for the use of Littleton's beneficiary, which receipt, for such use, the Court held on the former appeal was admitted by the defendant. There was therefore no variance between the proof offered and the averments of the declaration, and no error in the ruling. The third exception is to the exclusion of the following question to W. J. Davis, "If Littleton's dues for the quarter ending September 26th had been paid on or before September 26th, would you have paid the $500?" It was not material to know what he *would* have done under the circumstances supposed. What he did do as a matter of fact was admissible, but what he *should* have done under any circumstances was for the Court to determine. The question was properly excluded.

W. Harry Holmes, one of defendants counsel upon both trials, being on the stand, a copy of the laws of the Junior O. U. A. M. Funeral Benefit Association of the U. S. was shown him, and he admitted he produced it in answer to a *subpœna*

*duces tecum.* Being asked whether it was a copy of the laws of that association, he said he could not say whether it was or not. Being further pressed, he admitted that at the former trial this book was by him admitted as evidence, and was identified by W. J. Davis, as a witness, as a copy of the laws of that association, upon which admission by Mr. Holmes the Court admitted the book in evidence, and this gave rise to the fifth exception. In *Jones on Evidence*, sec. 261, the rule is said to be that where an admission is made by an attorney in a pending cause, it may be used on a subsequent trial, and cannot be retracted, unless by leave of the Court on a proper showing of mistake, imposition, or surprise. In *Perry* v. *Simpson*, 40 Conn. 317, counsel for defendants, a corporation, admitted the incorporation and that certain persons were its officers at a certain time. Previous to a second trial, defendants gave plaintiffs notice that they withdrew their admission, but the Court held on the second trial that the admission was admissible in evidence, saying, "Whatever occurred at a former trial, so far as throws light on the questions involved in the pending issue, made up and to be decided between the same parties, must be admissible in evidence," and the same was held, per JUDGE BREWER, in *U. P. R. R. Co.* v. *Shoup*, 28 Kansas, 394. There was no error in this ruling.

The 6th, 7th and 8th exceptions all seek to obtain from witnesses an answer whether under certain hypothetical circumstances, a member of the association would be a beneficial or non-beneficial member. It can hardly be necessary to cite authority to show that such questions were matters of law for the Court.

Finding no error in any of the rulings of the Court, the judgment will be affirmed.

> *Judgment affirmed with costs to the appellee above and below.*

(Decided January 13th, 1905.)