# ANNIE GOODMAN, Trading as A. Goodman, *vs.* ISAAC SAPERSTEIN.

*Depositions; right of a party to the suit to attend and cross-examine witnesses; deposition admitted subject to exception. Bills of exceptions; unsigned. Sale and delivery of goods; proof; shipping clerk; shipping receipt; damages for breach of contract; time; element of; too speculative. Agency; proof of; letters; mailing of; carbon copies. Prayers, identical;—taking case from jury; waiver by defendant by offering testimony; segregation of facts. Judges; competency.*

Bills of exception not signed by the trial Court will not be considered on appeal. p. 680

A party to a suit assisting at the taking of depositions and cross-examining witnesses thereby waives his right to object to the admissibility of the deposition as a whole. p. 681

Where a deposition, admitted subject to exception, is not followed by a motion for its exclusion, its admission presents no reversible error. p. 682

The testimony of a clerk, that he fastened up the box in which were goods destined for the defendant and received from the railroad truckmen a shipping receipt showing that the case was shipped to the defendant is admissible in evidence to prove such shipment. p. 682

After the receipt has been identified and offered in evidence, references to it by other witnesses are admissible. p. 682

In proving agency, the credibility of the witness is for the jury. p, 683

Carbon copies of letters, when their custody is properly proven are regarded as duplicate originals. p. 683

Proof that letters were mailed raises the presumption that they were received by the addressees. p.683

It is error to present to the consideration of the jury two
prayers identical in effect.                           p. 684

It is error in instructions to the jury to segregate from a case
particular facts without regard to other essential facts of
which there has been evidence.                         p. 684

In an action in *assumpsit* for a balance due for clothing made
and shipped to the defendant, at the request of an agent, it
was *held,* that evidence of damage to the defendant by reason
of the non-delivery of the goods by a particular date was not
admissible, where it had not been shown that time was of the
essence, and where the character of the damages sought to be
introduced was wholly speculative and conjectural.    p. 684

Where after the conclusion of the plaintiff's case, the defendant
presents prayers taking the case from the jury, and the same
are refused, if the defendant proceeds to offer testimony in
support of his contention, he thereby waives his right to
insist upon those prayers in the Court of Appeals, and the
ruling of the trial Court thereon is not open for review.

                                                      p. 683

Even if the fact that, previous to his elevation to the Bench,
a judge had furnished security for costs to the plaintiff, it
can present no ground for an exception to the competency
of the judge to pass an order in the case, when neither the
docket entry nor the record show that the judge did pass such
orders.                                               p. 680

*Decided June 22, 1911.*

Appeal from the Circuit Court for Wicomico County
(TOADVIN, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PATTISON, URNER and STOCKBRIDGE, JJ.

*A. P. Barnes,* for the appellant.

Submitted on brief by *Ellegood, Freeny* and *Wailes,* and
*J. W. Staton* for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

Isaac Saperstein brought suit in the Circuit Court of Worcester County to recover from Annie Goodman the sum of $242, as balance due him upon a sale of certain clothing made to her, through her manager and husband, Wm. Goodman. The suit was in *assumpsit* upon the common counts. General issue pleas were filed, and upon the pleadings so made up the case came on to trial, after having been removed from the Circuit Court of Worcester County to that of Wicomico. The exceptions which bring the case before this Court are thirty-one in number, but the points involved are within a very narrow compass, and some of them can be disposed of briefly. Thus the 26th and 27th exceptions are in terms waived by the appellant in her brief; and the 28th exception, which was taken to the refusal of the Court to permit oral testimony as to the contents of certain letters written in the Hebrew language by the husband of the defendant to the plaintiff is immaterial as the evidence then excluded was subsequently given without objection.

The third bill of exceptions was not signed by the Court below, and therefore can not be considered by this Court. *Central R. W. Co.* v. *Coleman,* 80 Md. 328; *Schaefer* v. *Insurance Co.,* 80 Md. 563.

The second exception is to the competency of JUDGE ROBLEY D. JONES to make any order in the case. His sole connection with the case seems to have been that when the defendant laid a rule security for costs upon the plaintiff, that security was furnished by Mr. (subsequently JUDGE) JONES, but neither the docket entries nor the record in this case anywhere discloses upon its face any order as made by him in the progress of the case, and, therefore, furnishes nothing upon which to base this exception.

The testimony on behalf of the plaintiff was taken by way of depositions, and these depositions are the basis of a large number of the exceptions contained in the record. Under the original notice for the taking of the depositions, written interrogatories were submitted on behalf of the plaintiff,

while the defendant appeared in person and claimed the right to cross-examine, a right which the notary before whom the depositions were taken, refused to recognize, and it was to the admissibility of these depositions after the trial Court had remanded them for the purpose of permitting the cross-examination of plaintiff's witnesses, that the first exception was taken. While the practice in regard to the taking of depositions under section 17 of Article 35 has not been very definitely established, it is manifest that if a party upon whom notice of the taking of depositions had been served, prefers to attend in person and cross-examine the witnesses, such party has an undoubted right so to do. The defendant did this both under the original notice and under the remand, and by so doing waived all possible objection to the admissibility of the depositions as a whole. *Jackson* v. *Jackson,* 80 Md. 176. Moreover the defendant was certainly not prejudiced by the order of remand which gave to her the opportunity of cross-examination, which had been erroneously refused to her in the first instance by the notary taking the deposition.

The fourth, fifth, sixth, seventh, eighth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth and nineteenth exceptions were each and all of them exceptions taken to different portions of the evidence taken under depositions on behalf of the plaintiff, and the defendant's alleged ground. of objection in each of these instances is the same as that of her first exception, and what has been said in regard to that applies equally to these.

No reference is made upon the brief of the appellant to the eleventh exception which was to the ruling of the trial Court upon the motion to strike out the answer of the witness Annie Saron with regard to a certain letter and shipment. The action of the Court does not appear to have been a final ruling upon the admissibility of this answer. It is not always possible for a trial Court to control the order of proof, *Mills* v. *Bailey,* 88 Md. 320, and especially is that true where a portion of the evidence is in the form of depositions. In

such cases all that the trial Court can do is to admit subject to objection, and hold the evidence liable to be stricken out upon motion presented at the proper time, and in the present case that is exactly what was done, and the evidence thus in, not having been followed up by any motion for its exclusion at the end of the plaintiff's evidence, no error can be imputed to the trial Court in this regard.

The exceptions numbered 12, 20, 22, 23 and 24 all bear in one form or another upon evidence in regard to the shipping receipt offered by the plaintiff of the goods which had been forwarded to the defendant. The story of that receipt is fully told in the evidence given by the witness Solomon, who testified to having personally fastened up the box or case in which the goods destined for A. Goodman had been packed, and that he received the paper offered in the evidence of the plaintiff, and called the shipping receipt, "from the railroad truckman, showing that the case of clothing was shipped to A. Goodman, Snow Hill, Md., via Penn. Railroad". With this receipt produced and identified, the references to it made in the evidence of the witnesses Saron and Saperstein were clearly admissible.

The exceptions 9, 10 and 13 were each of them reserved to the admission of evidence during the examination of the witness Anne Saron of certain letters received by the plaintiff, in due course of mail on the letterhead of, and purporting to come from, the defendant, and also to carbon or manifold copies of certain letters sent by the plaintiff to the defendant. With regard to this evidence it is contended that the burden was upon the plaintiff, (1) to prove the signatures to the letters so far as they were originals, (2) the authority of the person signing the letters to bind the defendant, and (3) that in so far as they purported to be copies they were entirely inadmissible.

The learned judge before whom the case was tried, upon the first and second of the propositions, held the plaintiff to the strict rule of law, and that burden the plaintiff endeavored to meet by placing upon the stand the witness

Staton. His evidence, whether strong or weak undoubtedly tended to establish the authority of Jesse Goodman to sign letters in relation to the business carried on by his father, under his mother's name, and while the evidence of Mr. and Mrs. Goodman both flatly denied the existence of any such authority the amount of credence to be given to the testimony of the witness Staton was a question to be passed upon by the jury. What has been said in this connection is sufficient to dispose of the 21st exception.

The carbon copies of the letters from the plaintiff to the defendant were properly admitted. Proof was given by the witness Saron of the mailing of the originals, which raised the presumption of their receipt by the addressee, *Bank* v. *Raney,* 77 Md. 321, and carbon copies of such letters when their custody is properly proven are regarded as duplicate originals. *Harvester Co.* v. *Elfstrom,* 112 N. W. 252; *Ches. and Ohio Ry. Co.* v. *Stock,* 104 Va. 97.

At the conclusion of the plaintiff's case the defendant offered two prayers designed to withdraw the case from the consideration of the jury, and the refusal of these constitutes the ground of the 25th exception. The Court having refused these prayers, the defendant then proceeded to offer testimony in support of her contention. By so doing she waived any rights she may have had to insist upon these prayers in this Court, and the ruling of the Court on them is not open for review here: *Barabasz* v. *Kabat,* 91 Md. 53; *Un. Rys. Co.* v. *Deane,* 93 Md. 619; *N. Y., etc., Ry. Co.* v. *Jones,* 94 Md. 24; *West. Md. R. R. Co.* v. *Shirk,* 95 Md. 637; *Vonderhorst Br. Co.* v. *Amrhine,* 98 Md. 406; *Keyser* v. *Warfield,* 100 Md. 72; *Wells, etc., Council* v. *Littleton,* 100 Md. 416; *Bernheimer* v. *Becker,* 102 Md. 250; *Johnson* v. *Johnson,* 105 Md. 81; *Jarrell* v. *Young,* 105 Md. 280; *Penn. R. R. Co.* v. *Cecil,* 111 Md. 298.

The 29th and 30th exceptions were taken to the refusal of the trial Court to admit evidence of damages to the defendant by reason of the non-delivery on the first of September of the goods sold. These rulings were correct, first because no

evidence had been adduced to show that time was of the essence of the agreement to purchase; and, secondly, because as has been often held by the Court, the character of damage sought to be introduced was wholly speculative and conjectural.

The only remaining exception is that relating to the prayers granted by the Court. The defendant's second and third prayers as offered were identical, and each of them was granted by the Court with a modification. To ask two instructions in identical language must inevitably have a tendency to confuse the jury, and there was no error in the rejection of these prayers. The modification as added by the Court submitted to the jury the effect of the promise of the defendant to pay for the goods before or after the giving of the check for $100. This was essential to these prayers, because it is error to segregate from the evidence of a case a particular fact or facts, without regard to other facts of which there has been evidence, and then direct the jury to find a verdict upon such segregated facts. *Jackson* v. *Jackson,* 80 Md. 192.

The first prayer of the defendant was properly refused, because it failed to submit to the jury the question of the acceptance or not of the goods shipped by the plaintiff, and also for the reason that it directs the jury to find for the defendant, if it shall find that the goods were not delivered by a certain date, there having been no evidence before the jury that time was of the essence of the contract.

The record does not show the plaintiff's prayers as originally presented to the Court, only the form in which they were granted after amendment, and without protracting this opinion unduly, it is sufficient to say that these prayers taken in connection with the prayers of the defendant as granted, fairly placed the case before the jury.

*Judgment affirmed, with costs.*