## ELLIS G. ISAACS v. THOMAS CHARLES WILLIAMS.

*Alteration of Instrument — Witness — Refreshing Memory — Carbon Copy of Letter.*

A written lease was not materially altered after its execution so as to be inadmissible in evidence, merely because the lessor wrote in pencil at the top of the paper the word "Lease," with the street number of the property, and drew a pencil mark through the word "agent," following his name, it appearing that the mark was merely to facilitate the making of copies for use in contracting with other tenants, and the use of the word "agent" being immaterial so far as the issue involved in the suit was concerned.                                pp. 20, 21

In a suit for rent, the plaintiff was properly permitted to use, in order to refresh his memory, entries made by him in an account book, showing payments of rent made by defendant, and thus indicating the amount of rent in arrears.          p. 21

Plaintiff having testified as to the mailing of a letter to defendant, defendant and his counsel having denied possession of it, and defendant having stated that he did not remember receiving it, a sufficient foundation was laid for the proof and admission of a carbon copy of the letter, a prior and formal notice to produce being unnecessary because futile.          p. 21

*Decided June 30th, 1925.*

Appeal from the Court of Common Pleas (SYMINGTON, J.).

Action by Thomas Charles Williams against Ellis G. Isaacs. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., URNER, ADKINS, PARKE, and WALSH, JJ.

*David Ash,* with whom was *Charles Jackson* on the brief, for the appellant.

*Eldridge Hood Young,* for the appellee.

URNER, J., delivered the opinion of the Court.

The judgment for $200 which is the occasion of this appeal was obtained by the plaintiff in a suit for rent under his lease to the defendant of a room in a building on East Lexington Street in Baltimore. The issue of fact at the trial was whether the plaintiff had agreed to regard the defendant's assignees of his leasehold interest as being responsible for the rent accruing after the assignment, and had accepted in full and final settlement with the defendant a check which he gave the plaintiff for the month's rent due when the assignees took possession. By the verdict of the jury that issue was decided in the plaintiff's favor. There are six exceptions in the record. Five were taken because of certain rulings on the admissibility of evidence, and one because of the court's refusal to withdraw the case from the jury.

The first exception relates to the admission of the lease in evidence. Its introduction was opposed on the theory that it had been materially altered by the plaintiff after its execution. The testimony on that subject showed that the words, "Lease" and "8 East Lexington Street" were written at the top of the paper after it was signed, and that several weeks before the trial, a pencil mark was drawn by the plaintiff through the word "Agent" appearing in the lease after his name as lessor. It was explained that the mark was made when the plaintiff was directing his stenographer to make copies of the lease form, emitting the word "Agent," for use in contracting with other tenants. There was no pretense by the plaintiff that he was not described as agent in the lease when it was signed. It is clear that the line through the word "Agent" has no significance as an intended alteration. Tht penciled words at the top of the paper obviously have no such effect. It was proved that the title to the leased premises is in the Chesapeake Realty Company, a corporation, but that the plaintiff owns all of its capital stock. The lease was signed by the plaintiff individually, and he acted, and apparently was recognized by the defendant, as the land-

lord in his own right. All of the checks for the monthly installments of rent, except one given after the institution of the suit, were drawn to the plaintiff's individual order. Under the circumstances, the trial court was of the opinion that the use of the word "Agent" in the lease made no practical difference so far as the issue involved in the suit was concerned. There is no ground of reversal in the ruling by which the court allowed the lease to be proved.

The second exception was reserved because the plaintiff was permitted to use, for the purpose of refreshing his memory, some entries, which he had made in his account book, showing the payments of rent by the defendant and thus indicating the extent to which the rent was in arrears. There was no dispute as to the amounts and periods of the payments. The ruling on this point is unobjectionable.

The third and fourth exceptions were correct for the reasons we have stated in disposing of the first exception.

A carbon copy of a letter from the plaintiff to the defendant was admitted in evidence, after the mailing of the original to him at his place of business had been proved by the plaintiff's testimony, and after the defendant and his counsel had denied having it in their possession. The defendant had testified that he did not remember receiving the letter. A sufficient foundation was laid for the proof and admission of the copy, and a prior and formal notice to produce was unnecessary, because it would have been futile in view of the statements made by the defendant and his counsel. *Union Banking Co. v. Gittings,* 45 Md. 181. The objection to the copy of the letter as evidence was properly overruled. *Goodman v. Saperstein,* 115 Md. 678.

No reference is made in the appellant's brief to the sixth exception, relating to the refusal of the court to withdraw the case from the jury. The admitted evidence was clearly sufficient to justify the submission of the case to the jury for determination.

*Judgment affirmed, with costs.*