ARTHUR F. RUNDGREN *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Middlesex.    January 12, 1909. — February 25, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Due care of plaintiff.

If a man on his way to his place of work, and having no occasion for haste, alights from an electric car at the side of the street where to reach the entrance to his place of work he has to cross the parallel track of the street railway, and if, having passed around the rear end of the car from which he has alighted, he looks up before stepping on the rails of the other track and sees a car approaching on the other track so rapidly that he does not "have a chance to stop or step back," and to save himself makes a leap for the other side of the track and is struck by the fender of the car, and is injured, he cannot recover for his injuries thus caused, even if the corporation operating the car was negligent, he as matter of law being guilty of negligence which contributed to his injury, and he cannot relieve himself from the consequences of his negligence by showing that in hastening to cross the track he relied on a sign near the crosswalk on which were the words " Go slowly " and on the fact that it was the " custom of cars " moving on the track where he was struck to " slow up " considerably or to come to a standstill in approaching a car which had come from the opposite direction and from which passengers were in the act of alighting.

One who needlessly rushes into danger cannot invoke, in the emergency created by his own negligence, the doctrine which applies to a sudden peril.

TORT for personal injuries from being struck by an electric car operated by the defendant, on October 22, 1904, at about half past seven o'clock in the morning, as the plaintiff was crossing Chelsea Street in that part of Boston called Charlestown. Writ dated April 20, 1907.

At the trial in the Superior Court before *Stevens,* J., the plaintiff's testimony was in substance as follows:

The plaintiff was employed in the Navy Yard at Charlestown. On the morning of the accident he took a car running west to go to his work. When he reached the Navy Yard gate he found that it was 7.35 o'clock. If he did not report for work at 7.30 o'clock he had to wait until 8.30. For this reason he testified that what he did he did not do in a hurry. There were two railway tracks in the street in question, and the Navy Yard lies to the south side of the street. The cars run on the right, and consequently the plaintiff had to cross the east bound track to get to the Navy Yard on alighting from his car.

His story was that on alighting from his car he passed around the rear end of it and looked up before stepping on the rails of the other track; that he saw a car coming on the other track, to quote his own words, "so rapidly that I didn't have a chance to stop or step back, and the only thing I could do in my judgment at that time to save myself, I had to make a leap for the other side of the track." He did not succeed in getting across "clear of the other car," and was struck on the right leg by the fender. The plaintiff testified that he had been familiar with the tracks for six or seven years. The plaintiff testified that he looked up before stepping upon the other track.

In addition the plaintiff testified to a " sign about the crosswalk," on which were the words " Go slowly."

The plaintiff also testified, and made an offer of proof in corroboration of that testimony, that the " custom of cars " running east is to " slow up " considerably or to come to a standstill in approaching a west bound car from which passengers are in the act of alighting.

Upon the plaintiff's testimony and his offer of proof mentioned above, the judge directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*C. A. Parker*, for the plaintiff.

*E. P. Saltonstall & S. H. E. Freund*, for the defendant, were not called upon.

LORING, J. We are of opinion that as matter of law the plaintiff was guilty of negligence which contributed to the injury, and for that reason the judge was right in directing a verdict for the defendant. The case comes within *Madden* v. *Boston Elevated Railway*, 194 Mass. 491, and cases there cited. See also *Holian* v. *Boston Elevated Railway*, 194 Mass. 74; *Beirne* v. *Lawrence & Methuen Street Railway*, 197 Mass. 173.

The plaintiff was not entitled to go to the jury on his right to rely and his reliance in fact on the sign " Go slowly," and on the practice of the defendant in causing the other cars to " slow down " or stop under circumstances like those in the case at bar. He looked before he stepped upon the track, saw the car and yet went across. See *Casey* v. *Boston Elevated Railway*, 197 Mass. 440.

Neither can the plaintiff invoke the doctrine of one put in sudden peril. If he was walking so fast that he could not stop when he saw the car, that was in itself negligence. A plaintiff cannot invoke the doctrine of sudden peril to extricate himself from the position into which he has come through his own negligence. He testified that being too late for the 7.30 gang of workmen he could not go to work until 8.30, and that having fifty-five minutes to spare he was in no hurry.

*Exceptions overruled.*