EDWARD G. TUTTLE *vs.* CONNECTICUT VALLEY STREET
RAILWAY COMPANY.

Hampshire.    September 21, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Street railway, Motor vehicle. *Evidence,* Opinion: expert; Materiality.

The rule, that a person is not to be charged with negligence because of a mere error of judgment committed in the face of sudden peril arising in circumstances which require speedy decision and action, does not apply where such peril and circumstances are the result of his own negligence.

At the trial of an action against a street railway company by a passenger who was injured when a car of the defendant ran into a motor truck stalled upon the track, it appeared that the defendant's track was at the side of the highway, which was straight and unobscured for a long distance, and there was evidence tending to show that the stalling of the truck was due to a sharp slope of the highway from its crown toward the street railway track, which caused the truck, in passing another motor truck, to slip into sand and gravel beside the track; that the collision occurred on a dark night; that the truck, when stalled, stood facing the approaching street car with one headlight on the highway and one near or on the track, that the headlight on the highway was lighted, and, the motorman testified, indicated to him "a vehicle in a proper and safe position on the wrought road;" that the headlight near or on the track was unlighted; that a rule of the defendant required that "Whenever cars are being operated with headlight turned off, motormen are directed to so regulate the speed of the car as to be able to stop within the motorman's range of vision;" that, one thousand feet from the truck, the motorman saw that headlight of the truck which was not on the track; that, while passing another motor vehicle, he then temporarily shut off his headlight; that, when four hundred feet from the truck, he again shut off his headlight, in which condition he could see but fifteen or twenty feet ahead; that he did not observe that the truck was on the track until he again turned on his headlight when fifty feet from it; that his speed during the entire distance was at the rate of twenty-five to thirty miles an hour and that he did not attempt to slacken his speed until he saw the truck fifty feet away, when it was too late. *Held,* that

(1) It could be found that the sudden peril which confronted the motorman when he first saw the truck was due to his negligence in violating the defendant's rule;

(2) It could not be ruled as a matter of law that the defendant was not chargeable with negligence on the part of the motorman "because of any mere error of judgment if the circumstances of the case were such as to cause speedy decision and action;"

(3) It could not be ruled as a matter of law that "if an instant peril arose by reason of some unforeseen obstruction to the defendant's car by the negligent act of a third person, the street railway company is not chargeable with negligence because of any mere error of judgment on the motorman's part, if the circumstances are such as to require and cause speedy decision and action;"

(4) It could not be ruled as a matter of law that, "if the jury find that the motorman acted with good judgment in turning off the street car headlight when he saw the headlight of a coming automobile, and without negligence was unable seasonably to perceive the obstruction by the motor truck projecting into the line of the street car travel, the defendant is not liable, if no other negligence of the defendant appears."

At the trial of the action described above, the driver of the motor truck testified that, while attempting to crank his motor after it became stalled, he saw the defendant's street car approaching with all power on, and that, seeing that it did not slow up, he ran up the track toward it about sixty feet and waved his hand. He also testified that he had had some experience as a motorman. Subject to an exception by the defendant he was asked, "When you ran back and waved your hand as you have described to the jury, in your opinion, could the car as it was approaching, assuming that it was going at thirty-five miles an hour, have been stopped before it reached your truck?" and was allowed to answer, "I think it could have, if he had noticed me when I started to run back." *Held,* that the exception must be overruled, as the evidence was competent, the distance within which the car could have been stopped being a material fact and a proper subject for expert testimony, and the determination of the question, whether the witness was qualified to express an opinion, being within the discretion of the trial judge.

Tort for personal injuries received when the plaintiff was a passenger upon an electric street car of the defendant which came into collision with a motor truck on the road between Amherst and Northampton. Writ dated February 10, 1920.

In the Superior Court, the action was tried before *Aiken,* C. J: Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"The defendant is not to be chargeable with negligence on the part of the motorman Reardon because of any mere error of judgment if the circumstances of the case are such as to cause speedy decision and action.

"In other words if an instant peril arose by reason of some unforeseen obstruction to the defendant's car by the negligent act of a third person, the street railway company is not chargeable with negligence because of any mere error of judgment on Reardon's part, if the circumstances are such as to require and cause speedy decision and action.

"In other words if the jury find that the motorman Reardon acted with good judgment in turning off the street car headlight when he saw the headlight of a coming automobile, and without negligence was unable to seasonably perceive the obstruction caused by Puffer's truck projecting into the line of the street car

travel, the defendant is not liable, if no other negligence of the defendant appears."

The rulings were refused. The jury found for the plaintiff in the sum of $1,250; and the defendant alleged exceptions.

*J. C. Hammond* (*W. S. Clark & T. J. Hammond* with him), for the defendant.

*T. R. Hickey,* for the plaintiff.

CROSBY, J. The plaintiff, while a passenger on an electric car of the defendant, was injured by reason of a collision between the car and an automobile truck which was stalled on the highway. The car was proceeding from Amherst westerly toward Northampton, the car track being located on the northerly side of the highway at the place of the collision where the macadam surface of the road was eighteen feet wide. Between the macadam and the track there was a space four feet in width covered with sand and fine gravel. The grade of the highway and the track was nearly level, descending to the west about seven and one half inches in one hundred feet. The highway runs practically in a straight line for a long distance east and west of the place of the collision. Just before the accident one Puffer was driving the automobile truck from Northampton easterly toward Amherst; it was loaded with brick and, with the truck, weighed about twelve tons. In passing a team going in the same direction, Puffer turned to the left, and the left rear wheel of the truck slid off the macadam toward the car track and went into the sandy space, and the truck became stalled. He testified that, while cranking his engine, he saw the car approaching with all power on, and, seeing that it did not slow up, he ran up the track toward it about sixty feet and waved his hand; that there was no light on the front end of the car; that he observed no change in its speed, which was twenty-five or thirty miles an hour, and that the collision occurred. The motorman testified that, when he was about a thousand feet away, he saw only one headlight of the truck and observed it all the way to the place of the collision; that when he first saw it he shut off his headlight on meeting an automobile and turned it on again; that when about four hundred feet from the point of the collision he again shut off his headlight as he was approaching the headlight which proved to be on the truck; that in the darkness he saw no obstacle ahead

of him on the track; that when about fifty feet from the headlight he turned on his headlight again and saw the truck, and that he reversed his power but too late to avoid 'the collision. He further testified that the only headlight burning on the truck was on the right hand side of the truck and that the location of the light indicated to him "a vehicle in a proper and safe position on the wrought road;" that he was running his car twenty-five or thirty miles an hour; that with his headlight turned off he could see fifteen or twenty feet ahead of him on the track.

The plaintiff contended that the collision out of which his injuries arose was due to the negligence of the motorman; there was evidence tending to show that the sharp slope of the highway toward the track was a contributing cause of the accident. The defendant contended that Puffer was negligent in the operation of the truck.

The defendant excepted to the refusal of the presiding judge to give three instructions requested by it, and also excepted to the admission of certain evidence, hereinafter referred to.

It is conceded that the plaintiff was in the exercise of due care, and that the trial judge gave suitable and full instructions applicable to the case unless those requested and refused should have been given. We are of opinion that the requests were rightly refused.

While it is well settled, as has been argued by counsel for the defendant, that a person is not to be charged with negligence because of a mere error of judgment when he is placed in sudden peril and the circumstances are such as to require speedy decision and action, *Lawrence* v. *Fitchburg & Leominster Street Railway,* 201 Mass. 489, 493, yet that doctrine cannot be invoked to release him from a position where he had placed himself through his own negligence. *Rundgren* v. *Boston & Northern Street Railway,* 201 Mass. 156, 158. The undisputed evidence shows that it was a dark night, and that the motorman was running his car twenty-five or thirty miles an hour. There also was evidence that it was operated in violation of a rule of the defendant which provided that "Whenever cars are being operated with headlight turned off, motormen are directed to so regulate the speed of the car as to be able to stop within the motorman's range of vision." The jury could have found that the sudden peril which confronted the motorman when he first saw the truck was due to his violation of this rule; and that if, when his headlight was turned off four

hundred feet before he reached the place of the accident, he had reduced the speed of the car so that he might have stopped within his range of vision, he could have seen the truck and thereby avoided the collision.   Instead of complying with the rule, he chose to run his car at a high rate of speed in the darkness of the night with his headlights turned off, which prevented him from seeing, as he testified, more than fifteen or twenty feet ahead of him on the track, so that he was unable to see the truck until he reached a point where it was too late to avoid the collision.   The jury were properly instructed that a violation of the rule was evidence of negligence.   Where a person is confronted with sudden peril, he must exercise reasonable care under the circumstances.   *Tozier* v. *Haverhill & Amesbury Street Railway*, 187 Mass. 179, 180. *Lawrence* v. *Fitchburg & Leominster Street Railway, supra.*   Even if the headlight on the right hand side of the truck was not lighted, it could not have been ruled that the motorman was not negligent; but it was a circumstance to be considered with all the other evidence in determining his conduct.   The charge to the jury, including the instruction that "If the jury shall . . . find that upon all the evidence the motorman Reardon could not have anticipated the damage in season to avoid it, the plaintiff cannot recover," was sufficiently favorable to the defendant.

The defendant excepted to the admission of the following question to Puffer and his answer thereto: "Q.   When you ran back and waved your hand as you have described to the jury, in your opinion, could the car as it was approaching, assuming that it was going at thirty-five miles an hour, have been stopped before it reached your truck?"   "A.   I think it could have, if he had noticed me when I started to run back."   This evidence was admissible as it tended to show negligence of the motorman who had previously testified that at the speed he was running it would take a hundred feet to stop a car.   The distance within which the car could have been stopped was a material fact and was a proper subject for expert testimony.   This witness testified that he had had some experience as a motorman.   Whether he was qualified to express an opinion upon the question presented was within the discretion of the judge, and we are unable to say that his action was clearly wrong.   *Greene* v. *Corey*, 210 Mass. 536, 547.

*Exceptions overruled.*