MOUNT IDA SCHOOL, INC. *v.* DANIEL T. GILMAN ET AL.

February Term, 1921.

Present:   WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and
MOULTON, Sup. J.

Opinion filed February 9, 1922.

*Exceptions Not Briefed—Consideration of Evidence on Plain-
tiff's Motion for a Directed Verdict—Improper Argument
—Permitting Argument over Objection Constitutes Ruling
That Argument Is Proper.*

1.   An exception to the granting of a motion for a directed verdict in favor of two of three defendants, not briefed, will not be considered.

2.   In an action by an incorporated school to recover tuition under a contract for schooling, where the defense was misrepresentations and failure of school to give promised service, plaintiff's

motion .for a directed verdict was properly overruled, when there was some evidence, although so slight as to barely amount to more than a scintilla, that board, rooms, personal care and attention, and instruction, were not as represented and promised by the school, as such evidence made the questions for the jury.

3. In an action by an incorporated school to recover tuition under a contract for schooling, it was highly prejudicial to plaintiff and . reversible error for defendant's counsel in argument to the jury, when there was no warrant in the evidence therefor, to say in reference to the transaction between the parties, "It is a money grab, a shell in the box scheme; a money grabbing scheme," such statements having been objected to, not retracted, and the jury not having been instructed to disregard them.

4. Where exception was taken to a statement of counsel in argument to the jury, the action of the court in allowing such exception and failing to warn the jury to disregard the statement, was, in effect, a ruling that the argument was proper.

ACTION OF CONTRACT. Plea, the general issue with notice of special defenses. Trial by jury at the December Term, 1919, Caledonia County, *Fish*, J., presiding. Verdict and judgment for defendants. The plaintiff excepted. The opinion states the case. *Reversed and remanded.*

*Shields & Conant* for plaintiff.

*Porter, Witters & Longmore* for defendants.

MOULTON, Sup. J.   This is an action in contract brought to recover the balance claimed to be due for the tuition and board of the defendant Alene Gilman, at the plaintiff school, under a written contract providing for a year's tuition, board and incidentals, for the inclusive sum of $600.

[1]   The declaration was in the common counts and the case went to trial upon the general issue. At the close of the plaintiff's case, the court directed a verdict in favor of the defendants, Daniel T. Gilman and Alene Gilman, and the case proceeded against the defendant, Nellie H. Gilman. The defendants, Daniel T. and Nellie H. Gilman, were respectively the father and mother of the defendant, Alene Gilman. An excep-

tion was taken by the plaintiff to the granting of the motion, but, since it is not briefed, no consideration is given to it. *Ord* v. *Terry,* 91 Vt. 148, 99 Atl. 778; *Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 101 Atl. 151.

During the course of the trial, the defendant offered evidence tending to show that the accommodations and board at the plaintiff school were not as they were represented to be in the catalog which had been furnished to defendant, prior to the making of the contract, and claimed that in this there was misrepresentation on behalf of the plaintiff, by which the defendant had been induced to enter into the contract for the tuition and board of Alene. Objection being made by the plaintiff upon the ground that this evidence was not admissible under the general issue, the court permitted the defendant to file further pleadings, and thereupon there was filed the general issue with notice of special matter in defense, in effect that the contract was induced by misrepresentations on behalf of the plaintiff concerning the accommodations, board and privileges accorded by the school to prospective scholars. An exception was taken by the plaintiff to the allowance of this amendment, and the evidence introduced thereafter by the defendant, with reference to the matters mentioned in the notice, was also received under exception.

It is not necessary to determine the validity of these exceptions. As will appear, the case must be disposed of upon a different ground, and the questions raised here are not likely to arise again. It is true that the case of *Dernier* v. *Rutland, etc., Power Co.,* 94 Vt. 187, 110 Atl. 4, is authority to the effect that under the Practice Act, as it was at the time of that decision, two or more defenses, inconsistent in point of fact, could not be pleaded; and that there was no longer such a thing as the general issue with notice. But since this decision was handed down, the Practice Act has been amended by the enactment of No. 72, Acts 1921, by section 1 of which inconsistent defenses may be pleaded. How far that act operates to abrogate the holding in the Dernier case with respect to the general issue with notice need not now be considered; for if there is any defect in the form of the plea, as filed, this may be remedied by an appropriate amendment.

What has been said applies equally, of course, to the questions of the allowance of the amendment and of the admissibility of the evidence offered and received thereunder.

Upon the filing of the amended plea, the plaintiff moved for a continuance claiming that it was taken at a disadvantage, because no preparation had been made to meet the issue of misrepresentations, which had not before been tendered, and because the witnesses necessary to be summoned upon this point were in Massachusetts and beyond the reach of process. The motion was overruled and the plaintiff given an exception. But this exception, also, need not be considered, for it presents a question unlikely to appear in a subsequent trial, and, as has been said, the case must be otherwise disposed of.

[2] At the close of all the evidence, the plaintiff seasonably moved for a directed verdict on the grounds that the contract was in writing; that there had been no breach thereof on the part of the plaintiff; that it had been ready, able and willing to fulfil its part and carry it out; and that it was entitled to recover the amount specified in the written contract. The motion was overruled and the plaintiff excepted.

The court submitted to the jury certain only of the claimed defaults on the part of the plaintiff. These were as to the course in Spanish; as to the board furnished to the pupils; as to the rooms occupied by them; and as to attention given to Miss Gilman. The statements in the catalog, so far as material to these subjects, were as follows:

In the course of elective studies for the general course in the junior (or third) year, Spanish is listed as a five hour subject. The general course, it was stated, "is arranged for those who do not intend going to college; with the exception of English, which is required of all, the studies are almost entirely elective * * * *. A student is allowed to select with the consent of her parents, those studies which she may desire.

"The students' rooms are large, well furnished, and most attractive. Each girl has her individual bed, bureau and clothes' closet. Pupils will be encouraged to use their own taste and give expression to their own individuality in the decoration of their rooms. Mount Ida is distinctly a home, and the girls will be looked upon as daughters of the household."

"The instruction is thorough and given in a way to meet the needs of the individual pupil. Students who through sickness or loss of time from various causes have fallen behind in their work, will find it possible at the Mount Ida School to re-

ceive that personal attention which will enable them to continue their studies to great advantage.''

A careful examination of the catalog fails to reveal any mention of the quality of the table board to be furnished the scholars, but upon this subject the court instructed the jury that under the contract Miss Gilman ''was entitled to have that phase of the school life fairly met, reasonably met, justly met.'' This, it is believed, was equivalent to saying that the table board was required to be of reasonably good quality.

The defendant's evidence tended to show that the room assigned Miss Gilman was not a corner room and was very small, and was furnished with two small cot beds and two bureaus, which were on the style of camp furniture, stained green, two straight chairs, two small rocking chairs, one commode and one round table. There was one light and one window facing north, through which no sunlight entered the room. The wall paper was faded and there were holes in it where previous occupants of the room had driven nails. The furniture showed the marks of usage, and the knobs were off the bureau drawers.

The evidence of the defendant respecting the alleged lack of attention given to Miss Gilman tended to show that the latter was unable to get books for the courses in bookkeeping, business management and shorthand, although she had been informed that they were procurable at the school office; that one of the teachers, with whom she had had some correspondence, and interviews previous to coming to the school, paid no attention to her; that no member of the faculty gave her any personal attention, although it was known that she was behind in her studies; that the assistant principal ''was very cool and she didn't take any interest at all.''

The defendant's evidence as to the table board was to the effect that the food was cold; that for breakfast there was served cereal, muffins, and coffee; for dinner, sausage, salad, or stew. Butter was not always served. The soup was made with carrots, which Miss Gilman did not like.

Miss Gilman testified that she wanted to take the secretarial course, which included typewriting, bookkeeping, business methods and management, and Spanish. She had some knowledge of this language and desired to take the advanced course, offered as an elective in the junior year of the general course. The superintendent, however, told her that she could not take Spanish.

With the evidence on the part of the defendant standing thus, it cannot be said that there was nothing for the jury upon the issues submitted. The claimed defaults on the part of the plaintiff were, it is true, of an exceedingly slight nature. There was barely enough to take the case out of the well established rule that there must be more than a mere scintilla of evidence in order to make a jury question. Indeed, it may be queried how far the nostalgia of a young girl, away from home for, perhaps, the first time, amid strange surroundings and new faces, may have colored the unfavorable impression produced by the room, the table board, the bearing of the teachers, and the inability to avail herself of the advanced course in Spanish. Miss Gilman went to the school, as appears from the transcript, rather unwillingly; she arrived there five weeks after the school year had commenced, and remained only from about ten o'clock on Tuesday morning until about one o'clock on Friday afternoon of the same week. One night during this time she spent away from the school with her mother. There was scarcely an adequate opportunity fairly to judge the school, and it is possible to infer from the evidence that the young lady was somewhat hypercritical. Nevertheless, these questions were for the jury and error does not appear; and so the exception to the overruling of the plaintiff's motion for a verdict is not sustained. This holding disposes also of the plaintiff's exception to the submission of the issues above mentioned to the jury.

[3, 4] In his argument to the jury one of the counsel for the defendant, referring to the transaction between the parties, said in substance: "It is a money grab, a shell in the box scheme; a money grabbing scheme." Some question is raised by the defendant whether this statement was in fact made, but it is considered that it fairly appears from the transcript that these words were used. The statement was not retracted and the jury were not warned by the court to disregard it. An exception was asked for by the plaintiff and allowed by the court, and this was in effect a ruling that the argument was proper. *Smith Woolen Machine Co.* v. *Holden,* 73 Vt. 396, 403, 51 Atl. 2; *Cutler & Martin* v. *Skeels,* 69 Vt. 154, 161, 37 Atl. 228. This was error. The argument was highly improper and requires a reversal. There was no warrant in the evidence for such a statement as this, and it could not have been otherwise than ex-

tremely prejudicial. *Hambleton* v. *U. Aja Granite Co.*, 95 Vt. 295, 115 Atl. 102.

*Judgment reversed and cause remanded.*