ELIAS S. HALL *v.* ERNEST R. FLETCHER.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed February 18, 1927.

*Evidence—Concession of Counsel at Former Trial—Improper Argument—Permitting Argument over Objection Constitutes Ruling That Argument Is Proper.*

1. In action against husband to recover for lodging, board, and care of wife, concession by defendant's counsel in former trial that defendant and his wife were living apart without latter's fault, made to dispense with formal proof of one of facts then in issue, *held* judicial admission binding upon defendant.

2. Such admission, as made, no application having been made for leave to retract, applied to subsequent trial of cause, and was admissible in evidence therein.

3. Counsel *held* to have had authority to make admission on trial of cause binding upon client, under circumstances shown.

4. Quality of concession made by counsel in former trial as admission, and its admissibility as evidence in subsequent trial of cause, are not affected by fact that opposing counsel in former

trial did not accept concession, but claimed right to proceed with his evidence, since he might, subject to court's discretion, exercise this privilege.

5. Argument of plaintiff's counsel that defendant was so ashamed of himself that he was not in court room to hear plaintiff's closing argument, *held* improper, prejudicial, and departure from rule requiring counsel to confine his argument to evidence in case and proper inferences therefrom, and to avoid appealing to prejudice of jury, where record showed that after he had given his testimony defendant had been called away on business.

6. Where exception was taken to a statement of counsel in argument, action of court in allowing such exception was, in effect, ruling that argument was proper.

ACTION OF CONTRACT. Plea, general issue. Trial by jury at the June Term, 1926, Orange County, *Sherburne,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed and remanded.*

J. *Ward Carver* and *Stanley C. Wilson* for the defendant.

*Raymond Trainor* and *M. M. Wilson* for the plaintiff.

MOULTON, J. The plaintiff seeks to recover for lodging, board and care and nursing furnished to defendant's wife for a period of one hundred and forty-six weeks, during which time the wife was living in Randolph in the plaintiff's household. After a trial by jury in the court below, the verdict was for the plaintiff and the defendant has brought the case here upon exceptions.

It was the second trial in county court, the first judgment having been reversed, and the cause remanded at the October Term, 1925, of this Court. See 99 Vt. 199, 130 Atl. 695.

The first exception relates to the admission in evidence of a concession by defendant's counsel, made during the first trial, that, during the time in question, the defendant and his wife were living apart without the latter's fault.

This question came into the case in the following manner: Just befort the close of the plaintiff's evidence his counsel offered a portion of the transcript of the former trial, wherein it ap-

peared that after an objection to a question asked of the defendant, upon his examination by plaintiff's counsel, the latter said, "Supposing Mrs. Fletcher was living apart from her husband through her own fault. In that case we couldn't recover." Defendant's counsel replied, "We don't claim that." Plaintiff's counsel then said: "We don't take the admission. We claim we have a right to take evidence on that point." To this, the defendant's counsel replied: "We concede it for a matter of record, they were living apart without her fault." The objection made to this offered evidence was that the concession was not acted upon, when made; that it was made only for the purpose of the particular trial; that it was not made absolutely and unqualifiedly for all purposes; and that, at all events, it was not a judicial admission, but that its effect was for the jury. The court, however, admitted the evidence, and ruled that it was a concession and could not be retracted without leave of court. An exception was saved, upon the grounds stated above.

[1-3] There was no error in the ruling. This was a judicial admission, made by the defendant's attorney during the trial of the cause, for the express purpose of dispensing with the formal proof of one of the facts in issue, and as such it was binding upon the defendant. *U. S. for the Benefit of Lyman Coal Co. v. U. S. Fidelity, etc., Co.*, 83 Vt. 278, 281, 75 Atl. 280; *Wiley v. Rutland R. R. Co.*, 86 Vt. 504, 508, 86 Atl. 808; *Clark v. Tudhope*, 89 Vt. 246, 249, 95 Atl. 489; *Brown v. Aitken*, 90 Vt. 569, 573, 99 Atl. 265; *State v. Wood*, 99 Vt. 490, 134 Atl. 697, 699. The defendant expressly disclaims in his brief, that the language was used improvidently or by mistake. No application was made for leave to retract the concession. And nothing appears to convince us that it was not made absolutely and unqualifiedly. Having been so made, it applied to the subsequent trial of the case, and was admissible in evidence therein. *Langley v. Earl of Oxford*, 1 M. & W. 508, 510; *Central Bridge Corporation v. City of Lowell*, 15 Gray (Mass.), 106, 129; *Gallagher v. McBridge*, 66 N. J. Law, 360, 49 Atl. 582, 584; *Wells and McComas Council v. Littleton*, 100 Md. 416, 60 Atl. 22, 26. And no question can be made as to the authority of the counsel to bind his client by the concession, under the circumstances here shown. *U. S. for the Benefit of Lyman Coal Co. v. U. S. Fidelity, etc., Co., supra; Sanders Engineering Co. v. Small*, 115 Me. 52, 97 Atl. 218, 219; *Scotti v. District Court*, 42 R. I. 556, 109 Atl. 207; *Floyd v. Kulp Lumber Co.*, 222 Pa. 257, 71 Atl. 13, 15.

[4]  The fact that the plaintiff's counsel did not accept the concession and claimed a right to proceed with his evidence does not affect the force of what has been said above.  He might, subject to the court's discretion, exercise this privilege (*Hambleton* v. *U. Aja Granite Co.*, 95 Vt. 295, 300, 115 Atl. 102; 96 Vt. 199, 206, 118 Atl. 878), but this procedure in no wise detracted from the admissibility and quality of the concession.

Other exceptions were taken, based upon the claimed inadmissibility of the concession, but, as they are sufficiently covered by what we have already said, it is not necessary further to consider them.

[5, 6]  The only remaining exception relates to the argument of plaintiff's counsel.  It appears from the transcript that during the trial, and after he had given his testimony, the defendant had been called away on business, and was not thereafter present in court.  In his closing argument plaintiff's counsel said:

"How about this man Fletcher?  Why he is so ashamed of himself, I submit to you, that he isn't here now to hear what I have to say."

An exception was taken to this argument, and allowed by the court.

This language was improper, prejudicial, and a lamentable departure from the rule which required the counsel to confine his argument to the evidence in the case, and to the inferences properly to be drawn therefrom, and to avoid appealing to the prejudice of the jury.  Having given his testimony, and no demand for his presence for further examination having been made, the defendant was not obliged to remain in the court room during the remainder of the trial, and his absence therefrom, especially in view of the explanation which had previously been made by his counsel, was no evidence of a feeling of shame caused by the nature of his defense.  There was no retraction, and the jury were not warned to disregard the language employed.  The action of the court in allowing an exception was, in effect, a ruling that the argument was proper.  *Mount Ida School* v. *Gilman*, 96 Vt. 13, 18, 116 Atl. 71, and cases cited.  In this, there was error.

*Judgment reversed, and cause remanded.*