ROLLANDE L. LANDRY *v.* GERMAINE PREVOST HUBERT.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed April 13, 1927.

*Negligence—Speed of Automobile—Jury Question—Speed of Automobile Applicable on Questions of Careless and Negligent Driving and Failure To Have Car Under Control— Duty to Invited Guest of One Driving Car with Defective Brakes—Joint Enterprise—Invited Guest without Right To Direct or Control Driver Not Engaged in Joint Enterprise with Him—Cross-examination—Discretion of Trial Court— Necessity of Stating Ground of Objection to Evidence in Lower Court—Opinion Evidence on Ultimate Question for Jury's Decision—Improper Argument of Counsel—Effect of Granting Exception to Argument and Permitting Counsel to Proceed Therein—Harmless Error—Instructions Re Defendant's Lack of Negligence up to Certain Time Construed—Instructions To Be Taken as Whole—Instruction as to Recovery Must Be Limited to Negligence Alleged in Declaration—Substantial Compliance with Requested Instructions—Jury Question—Rule as to One Confronted with Sudden Emergency and Its Application—Sufficiency of Instructions To Comply with Request.*

1. In action of tort for negligence of driver of automobile in which plaintiff was riding as invited guest, evidence as to estimated

speed of automobile at time of collision, effect of collision, and that brakes of automobile were then loose to knowledge of driver, *held* to make question for jury as to whether requisite degree of care as to speed was exercised by driver under circumstances.

2. In such action, where declaration charged driver with negligence both in driving at careless and negligent rate and in failing to have automobile under perfect control, *held* that declaration was broad enough to permit plaintiff to claim that defendant's knowledge of faulty condition of brakes should be considered by jury on both phases of alleged negligence, as bearing upon standard of care required under circumstances.

3. Driver of automobile which collided with wagon, owed invited guest duty of exercising reasonable care and prudence in operation and control of automobile in view of driver's knowledge of defective condition of brakes.

4. Parties are not engaged in joint enterprise within meaning of law, unless there is community of interest in object and purposes of undertaking, and an equal right to direct and govern movements and conduct of each other in respect thereto.

5. In action of tort against driver of automobile, by one injured in accident, where evidence showed plaintiff to have been merely an invited guest of driver, without right to direct or govern his conduct, *held* that plaintiff and defendant were not as matter of law engaged in joint enterprise so that defendant's negligence could be imputed to plaintiff.

6. Exclusion on cross-examination of question which was practically repetition of one just answered by witness, and not tending to impeach his previous testimony on subject-matter, *held* without error, being within court's discretion.

7. Conduct and scope of cross-examination rests largely within discretion of trial court.

8. Ground of objection to evidence not urged against its reception will not be considered by Supreme Court on review.

9. In action of tort for negligence of driver of automobile, question asked on cross-examination of witness for plaintiff as to whether driver had done everything possible to be careful in circumstances so far as witness could observe, *held* properly excluded, as calling for witness' opinion on question of care, which was for jury to decide.

10. In such action, argument of counsel repeatedly asserting defendant's lack of concern in outcome of case, so made as to inform jury that insurance company was defending suit, *held* reversible error.

11. Improper argument of counsel, not based on evidence in case or upon any inference to be drawn therefrom, inferentially appealing to jury to disregard evidence and base verdict upon fact that loss would not fall on defendant, but damages would be paid by some other agency, *held* reversible error.

12. Action of court in granting exception to improper argument of counsel, without instructing jury to disregard it and in permitting argument to proceed, *held* to amount to ruling that such argument was proper.

13. In action of tort for negligence of driver of automobile, where statement of counsel in argument was based upon misstatement of evidence as to plaintiff's condition which, when matter was brought to his attention, was immediately corrected and undisputed evidence on subject stated, to which no exception was taken, *held* to show no reversible error.

14. In action of tort for negligence of driver of automobile in which plaintiff was riding as invited guest, in colliding with wagon, instruction of court, after reading to jury statutes in force at time of accident concerning duty of driver overtaking vehicle going in same direction, and in approaching and entering curve, that in all driver did until time she turned to right behind wagon, she was exercising due care, and not chargeable with negligence, *held* to mean that she was acting in due care only with regard to statutory requirements read, and not that there was no negligence in any respect up to that time.

15. Where particular portion of court's instruction does not stand alone, it must be read in light of language elsewhere used in connection with subject.

16. In action of tort for negligence of driver of automobile, where only negligence charged in declaration was excessive rate of speed and failure to have automobile under control, if defendant was not negligent in either of these respects, inadequacy of brakes, though proximate cause of accident, would not form basis of recovery, and, under such circumstances, instruction capable of two constructions, one of which would permit recovery solely because of defective condition of brakes, was erroneous.

17: In such action, requested instruction that negligence cannot be imputed to one who is deceived by circumstances calculated to mislead a prudent person, *held* to have been substantially complied with.

18. In such action, where automobile in which plaintiff was riding as invited guest collided with wagon, and plaintiff was injured by stick projecting from rear of wagon, whether defendant ought to have seen stick and avoided accident, *held* question for jury.

19. Rule relating to conduct of person confronted with sudden emergency is applicable not only in favor of plaintiff claimed to be guilty of contributory negligence, but as well to defendant when question is as to negligence on his part.

20. In action of tort for negligence of driver of automobile in which plaintiff was riding as invited guest, in colliding with wagon, where evidence tended to show negligence on defendant's part as to speed and failure to keep car under control, existing at moment when driver turned to right behind wagon, proximate result of which was collision and subsequent injury to plaintiff, requested instructions relating to conduct of one faced with sudden emergency, omitting element that rule cannot be invoked in favor of one placed in such position through his own lack of care, *held* properly refused.

21. Where instructions of court as given fully covered subject-matter and legal points involved in requested instruction, although not in identical language, refusal of requested instruction was not error.

ACTION OF TORT against driver of automobile for personal injuries to invited guest. Plea, general denial. Trial by jury at the June Term, 1926, Caledonia County, *Thompson, J.*, presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed and remanded.*

*Searles & Graves* for the defendant.

*Samuel E. Richardson* and *David E. Porter* for the plaintiff.

MOULTON, J.   This is an action in tort, to recover for personal injuries sustained by the plaintiff while riding in an automobile driven by the defendant, and resulting from a collision between such automobile and a horse-drawn vehicle loaded with

lumber. Trial was had by jury, with verdict for the plaintiff, and the case comes to this Court upon exceptions by defendant. We consider these exceptions in the order in which they are briefed.

The negligence alleged in the declaration was: (1) Driving at a careless and negligent rate of speed; (2) failing to keep to the right hand of the highway; (3) failing to sound the horn; (4) failing to exercise due care while attempting to pass the wagon loaded with lumber; (5) omitting to have the automobile under perfect control; and (6) failing to use due care to avoid accident when approaching a curve. We are concerned here only with the first and fifth grounds above stated.

By the undisputed evidence it appeared that on August 15, 1924, the plaintiff, the plaintiff's sister, and the defendant left St. Johnsbury, in a Dodge coupé, owned by the defendant's father, for Magog, Quebec. The plaintiff and her sister had been invited by the defendant to make the trip, and arrangements had been made by all the three young women, to meet certain acquaintances of theirs from Montreal, at Magog, where they also expected to meet the plaintiff's father. At about four o'clock in the afternoon, they came upon a wagon, drawn by a team of horses, loaded with second-hand lumber, and owned and driven by Fred Dwyer, which was standing upon the right-hand side of the highway, headed in the same direction as that in which the automobile was proceeding. The road was somewhat ascending, and the wagon stood upon a slight curve. The defendant turned to the left to pass the wagon, but, as she did so, she observed an automobile approaching in the opposite direction, and turned back to the right, behind the wagon, and came into collision with it from the rear. A slender piece of lumber, which projected beyond the rear of the wagon, passed through the visor and glass wind shield of the automobile, struck the plaintiff in the eye, and passed through the glass window, in the rear of the car. The injuries to the plaintiff's eye have resulted in the loss of it, necessitating the wearing of an artificial eye of glass, and she has been otherwise injured.

At the close of the evidence, the defendant moved for a directed verdict, and saved an exception to the overruling of the motion. The ground of the motion was that there was no evidence of any actionable negligence on the part of the defendant which was the proximate cause of the accident.

[1] In her brief, the defendant insists that there was no evidence that the car was being driven at a great speed. The declaration alleges a careless and negligent rate of speed. Upon this point, the plaintiff testified that the car was going "at a good speed" at the time of the collision. The plaintiff's sister gave the speed at about eighteen miles an hour. The defendant testified that as she drove up the grade, before reaching the place of collision, she thought they were "going about fifteen to eighteen miles an hour down, but the car lost speed while we were going up." The force of the impact of the wagon bent the bumper on the car, caused the horses attached to the wagon to start, and displaced a part of the load, shoving the boards forward and to one side. In addition to this, the evidence showed that the brakes on the car were loose. The defendant testified that they were not in good shape, and that she had noticed that they were getting a little bit loose on the way; that they "were getting loose every minute," and that she had been noticing that for quite a while; that she "knew there was something wrong with the brakes; they weren't tight as they should have been"; that it was her intention to have them repaired at the first opportunity; that she couldn't stop as soon as she wanted to that time; and that "the brakes were kind of loose and—well before I had a chance to think of it everything had happened when I thought of stopping the car."

With the evidence standing thus, it is apparent that the question of the speed of the car was for the jury. The degree of care and prudence exercised in driving an automobile at any given rate of speed must always depend upon the circumstances. Whether the requisite degree of care in this respect was exercised by the defendant, in view of the evidence as to the condition of the brakes, and her knowledge thereof; the speed as estimated by the inmates of the car; and the effect of the collision upon the car and the loaded wagon, was a question for the jury to decide. *McAndrews* v. *Leonard,* 99 Vt. 512, 134 Atl. 710, 715.

[2] The defendant also claims that there was no evidence of negligence on her part with respect to the condition of the brakes sufficient to warrant the submission of the case to the jury. In support of this position it is pointed out that nothing is said about the brakes in the declaration. But the declaration charges negligence, not only in driving at a careless and negligent rate of speed but in failing to have the automobile under perfect con-

trol, and defendant admits in her brief that the evidence as to the condition of the brakes was material as having some bearing upon the question of the care exercised by her in operating the car. This is quite true, and we think the declaration is broad enough in its language to permit the plaintiff to claim that, not only as to speed, but as to control, the knowledge of the defendant of the faulty condition of the brakes, should be considered as bearing upon the standard of care required under the circumstances. This question, therefore, was for the jury.

[3] It is argued that the defendant was not responsible to the plaintiff for the condition of the brakes, because the plaintiff as an invited guest stood no differently than a bare licensee.

As to this, it is sufficient to say that we have held otherwise. An invitation carries with it the assurance of some measure of security, which the driver must make good by the exercise of active care, if necessary (*Robinson* v. *Leonard*, 100 Vt. 1, 134 Atl. 706, 710, and cases cited), and the defendant owed to the plaintiff the duty of exercising reasonable care and prudence in the operation and control of the car, in view of the known condition of the brakes, *Jessup* v. *Davis* (Neb.), 211 N. W. 190, 192.

[4, 5] Nor can it be said as a matter of law, that the plaintiff and defendant were engaged in a joint enterprise, so that, as defendant claims, any negligence on the part of the latter is to be imputed to the former. Parties are not engaged in a joint enterprise within the meaning of the law unless there is a community of interest in the object and purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other in respect thereto. *McAndrews* v. *Leonard*, 99 Vt. 512, 134 Atl. 710, 715; *Jessup* v. *Davis, supra.* The theory is that each person so engaged is the agent of the other. *Robinson* v. *Leonard*, 100 Vt. 1, 134 Atl. 706, 709; *Lee* v. *Donnelly*, 95 Vt. 121, 129, 113 Atl. 542. Taken in the light most favorable for the plaintiff, the evidence tended to show that she was merely an invited guest, without the right to direct or govern the conduct of the defendant. There was no error in overruling the motion for a verdict.

[6, 7] We pass now to several exceptions taken by the defendant to the admission and exclusion of evidence. On cross-examination of Dwyer, the driver of the team, he was asked by defendant's counsel "You don't think that car hit your wagon

do you?'' He answered, ''I don't know what it hit, there was something hit my wagon.'' He was then asked, ''You don't think in your own mind that that car hit your wagon, do you, that is the wagon itself?'' which question, upon objection being made, was excluded and an exception taken. Here was no error. The witness had testified, on direct examination that all he could tell was that, as he was sitting on the load, he heard a crash, his horses started, and the load started under his body; that after stopping his horses he looked around and saw the car behind him; that he could not tell whether the car had run into the wagon, or into what part of the wagon; that he did not see it strike. The excluded question was practically a repetition ·of the question which the witness had just answered. It did not tend to impeach the testimony he had already given. The conduct and scope of cross-examination rest largely within the discretion of the trial court, and abuse of that discretion does not appear. *State* v. *Long,* 95 Vt. 485, 491, 115 Atl. 734.

[8]   On direct examination, the plaintiff testified that Dr. Boulet, of Montreal, had performed an operation upon her eye. She was then asked ''Whether or not Dr. Boulet has advised you that it will be necessary for you to return to Montreal again?'' Subject to an exception by defendant, she was permitted to answer, ''Yes.'' It is now urged that this was hearsay, and constitutes reversible error. However, this ground for the objection was not stated below, and so this exception, following our often-repeated rule, is not considered. *State* v. *Pierce,* 87 Vt. 144, 147, 88 Atl. 740; *Donovan* v. *Towle,* 99 Vt. 464, 134 Atl. 588, 589.

[9]   On cross-examination of the plaintiff's sister, she was asked, referring to the conduct of the defendant: ''Now she did everything she could, didn't she, to be careful in the circumstances so far as you could observe?'' This question was excluded, and properly so. The question of care was for the jury, and what the witness was asked was her opinion or judgment as to the defendant's conduct. This was clearly inadmissible. *Desmarchier* v. *Frost,* 91 Vt. 138, 143, 99. Atl. 782.

The next exceptions briefed are several taken to the argument of the plaintiff's counsel, and, as they are much alike, they will be considered together. It is necessary to relate certain things that had taken place earlier in the trial in order properly to deal with the question presented by these exceptions. From

the transcript and from statements in the defendant's brief, which are not denied by the plaintiff, it appears that the case came on for trial rather suddenly, and that the defendant at that time was at her home in New Jersey. In view of these circumstances it was arranged between counsel and the court that the jury should be empanelled and the testimony of one expert witness, who was not expected thereafter to be available, should be taken, and that the case should then be adjourned until the following day, to permit the defendant and certain witnesses to come to St. Johnsbury. This was done and the defendant arrived on a night train which reached St. Johnsbury at a late hour. The following morning the trial proceeded, but the defendant being tired from her journey, remained in bed and did not appear in court until the afternoon session. These matters were stated by her counsel to the court and to opposing counsel when the latter expressed the desire to place the defendant upon the stand. Prior to the empanelling of the jury defendant's counsel stated to the court and to plaintiff's counsel that the defendant was insured, and that the defense was being conducted by a liability insurance company and made certain objections to any questions being asked the jury upon *voir dire* as to whether or not they were stockholders in any such company.

In the closing argument to the jury plaintiff's counsel said, referring to the defendant, ''She isn't very much concerned, she hasn't been concerned over this case at all, wasn't concerned, * * * *.'' An exception was taken to this argument, and after some discussion in which the attention of the court was again drawn to the situation as it had been at the beginning of the trial with respect to the defendant's absence, the court ruled that it was not improper for counsel to say that the defendant was in town in the morning of the second day, but did not appear in court until the afternoon. Counsel then proceeded with his argument, and among other things said: ''She is that kind of a girl that if you reach a verdict against her, she will sleep just as well tomorrow morning as she did yesterday morning.'' An exception was taken to this argument and allowed by the Court, and counsel proceeded: ''The point here is that she is a girl who isn't disturbed very much about whatever happens. She is a girl, when she finds her brakes are bad keeps on going.'' And later on, ''I say to you now, as the defendant said today that they (the plaintiff and defendant) will always be friendly

according to my prediction. And I want you to do something for this plaintiff here. * * * You gentlemen can do something for this girl and if you give her ten or fifteen thousand dollars, as I said before this defendant who hasn't been very much concerned about this case here, won't be very much concerned when you render it.'' An exception was taken to this remark. Counsel said, ''I withdraw the statement,'' but no instruction was given by the court to disregard it. Later on counsel again said: ''I do say this gentlemen, I say if she isn't enough concerned to come to court and look after her litigation, that she won't be much concerned as to what you do.'' An exception was taken to this remark. Counsel then continued: ''I say she is unconcerned, that her conduct from start to finish throughout this trial shows that she is unconcerned * * * and I say now that she will be unconcerned tomorrow whatever your verdict.'' Again an exception was taken and counsel remarked: ''Of course that is my prediction, she may get terribly wrought up, but I doubt it.'' Another exception was taken to this remark.

[10] It is claimed by the defendant that the real purpose of this argument was to inform the jury that an insurance company was defending the suit. With this we quite agree. It would be hard to imagine a more flagrant and persistent attempt to call to the jury's attention a fact which we have repeatedly held is improper and, if shown, constitutes reversible error. *Spinney's Administrator* v. *Hooker,* 92 Vt. 146, 151, 102 Atl. 53; *Ronan* v. *Turnbull,* 99 Vt. 282, 290, 131 Atl. 788; *Raymond's Admx.* v. *Rutland Ry. L. & P. Co.,* 90 Vt. 373, 377, 98 Atl. 909.

[11, 12] This argument was highly improper. It was not based upon the evidence in the case or upon any inference to be drawn from the evidence. It was a thinly veiled appeal to the jury to disregard the evidence in the case, and to have their verdict or the amount of it upon the fact that no loss would fall upon the defendant, but that the damages would be paid by some other agency. Such argument constitutes reversible error. *Douglas* v. *Carr,* 80 Vt. 392, 397, 67 Atl. 1089; *Cady, Admr.* v. *Lang,* 95 Vt. 287, 289, 115 Atl. 140; *Mount Ida School* v. *Gilman,* 96 Vt. 13, 18, 116 Atl. 71; *Hall* v. *Fletcher,* 100 Vt. 210, 136 Atl. 388 (decided at the February Term, 1927, of this Court), and many other authorities which it is not necessary to cite. The action of the court in permitting an exception, and the argument thereafter to proceed amounted to a ruling that it was

proper. *Mount Ida School* v. *Gilman, supra.* This was reversible error.

[13]   A further exception was taken to the argument of plaintiff's counsel to the effect that the plaintiff's condition was one that was going to follow her.   The exception was based upon the ground that the evidence showed that the plaintiff's eye had no pus, and that there was a little moisture that comes from the eye the same as it does in any other wearing of artificial eye. However counsel immediately corrected this statement, and stated the undisputed evidence with regard to the condition of the plaintiff's eye, to which no exception was taken.   There was no reversible error here.   *Kilpatrick* v. *G. T. Ry. Co.*, 74 Vt. 288, 308, 52 Atl. 531, 93 A. S. R. 887.

[14]   In the charge the court read the statutes which were in force at the time of the accident concerning the duty of a driver of a vehicle overtaking a vehicle going in the same direction, and as to the rules to be observed in approaching and entering curves, and instructed the jury that in all that the defendant did up to the time she turned to the right behind the wagon, after observing an approaching automobile proceeding in the opposite direction she was acting in due care and should not be chargeable for any lack of duty in regard to rounding curves or attempting to pass vehicles going in the same direction, and that as to those matters there was no evidence tending to show any legal liability on her part.   We construe this language to mean that she was acting in due care only with regard to the statutory requirements previously read, and not as defendant argues, that there was no negligence in any respect, whether as to speed or control, up to that time.   After calling attention to the fact that the defendant applied her brakes, but that they did not hold, and that the car did not stop until it hit the wheel of the wagon, but before that a piece of lumber or wood projecting from the wagon pierced the sunvisor and wind shield and caused the injuries sustained by the plaintiff, the court went on to say: "Now it cannot be said, as a matter of law, that the defendant was negligent in continuing to operate her automobile after she found that the brakes were loose and were not functioning normally but because of that condition of the brakes she was bound to exercise a higher degree of care in the operation of the automobile than if they were normal.   Such a degree of care as was commensurate with the dangers arising from the opera-

tion of a car with loose brakes such as hers were, was such care as a prudent man would exercise under like circumstances, and she will be responsible for all damages thereunder after she discovered that she had inadequate brakes, resulting solely from the inadequacy of the brakes of the car she was operating.'' And later in the charge: ''That is, if you find that the defendant was not negligent in not discovering the projecting stick of timber before it penetrated the car, but you further find that if the defendant's brakes had been in a normal condition she would have stopped her car before it reached such projecting piece of timber and so have avoided the accident, then defendant is liable because in that event her failure to have adequate brakes on that car was the proximate cause of the accident.'' And again: ''If from a consideration of the evidence you are satisfied by the weight of the evidence, * * * that the accident was due solely to the inadequacy of the brakes, concerning which I have just charged you, and that the plaintiff was free from contributory negligence your verdict will be for the plaintiff.'' The court also instructed the jury that the statute provides that an automobile while in use or at rest on a public highway shall be provided with an adequate brake, and that by an adequate brake is meant such a brake as when applied will bring an automobile to a stop with a reasonable degree of quickness or celerity.

The defendant excepted to what the Court had said in regard to the inadequacy of the brakes as above quoted on the ground that the instruction made the defendant an absolute insurer, regardless of whether or not she was in exercise of the care of a prudent person under the circumstances, and that the charge made the defendant responsible as a matter of law for the condition of her brakes, and it is urged that under these instructions, although the jury might have found that the defendant exercised due care in all that she did, nevertheless they must return a verdict for the plaintiff if they thought the condition of the brakes had anything to do with the accident.

[15, 16]   The instructions claimed to be erroneous did not stand alone (*State* v. *Ashey,* 86 Vt. 479, 481, 86 Atl. 308), but must be read in the light of the language elsewhere used in connection with the subject.   But, even so, the charge is capable of two constructions, and its meaning is uncertain.   As has been said, the negligence alleged was driving at a careless and negli-

gent rate of speed, and in failing to have the car under control. The condition of the brakes was material as bearing upon these issues, but it was not made an independent ground of negligence. If the defendant was not negligent in either one of the respects above stated, the fact that the inadequacy of her brakes was the proximate cause of the accident, would not entitle the plaintiff to recover under the issues joined in this action.

However, since the judgment below must be reversed upon other grounds, and this question is not likely to arise upon a subsequent trial, we express no further opinion with regard to it.

[17, 18] The defendant filed certain requests for instructions, and excepted to the failure of the court to comply with the first of these, which was that, in considering the question of the amount of care employed by the defendant, the jury are to have in mind the rule that negligence cannot be imputed to one who is deceived by circumstances calculated to mislead a prudent person. There was a substantial compliance with this request. The argument of the defendant is that the projecting stick of lumber was not readily and quickly discernible, since none of the occupants of the car in fact saw it. Whether the defendant ought to have seen it in view of the testimony of its size, position on the load, and the extent to which it projected to the rear, was a question for the jury. The court fully instructed the jury as to this point, saying in effect that in approaching the wagon the defendant was chargeable with knowledge of all pieces of lumber projecting from the rear thereof, that she could or ought to have seen in the exercise of due care, and that, if a careful and prudent person under the same conditions and circumstances would have seen and avoided the piece of lumber, then the defendant was negligent in not seeing and avoiding it, but that, if a careful and prudent person under the same circumstances would not have seen and avoided it, then she was not negligent in this respect. This instruction was all that the defendant was entitled to upon this branch of the case. There was no error.

The defendant excepted to the failure of the court to charge as requested in the third, fourth, and fifth requests. These three requests were substantially the same and were in effect, that an automobile driver who is suddenly confronted with an emergency and is compelled to act instantly to avoid a collision or injury is not guilty of negligence if she makes such a choice as a person

of ordinary prudence placed in such a position might make, and even though she did not make the wisest choice; that being confronted with a sudden peril such driver is not held to the exercise of the same degree of care as if she had time for reflection; and that the law recognizes the fact that a prudent person brought face to face with unexpected danger may fail to use the best judgment or may omit some precaution that might have been taken, or may not use the best available method of meeting the danger, and still not be negligent. But these requests omitted an essential element necessary to the application of this doctrine. It has been held that the rule cannot be invoked in favor of one who has placed himself in such a position through his own lack of care, and the emergency which required him to act must not have been brought about in whole or in part by his own fault. *Fogg* v. *N. Y. N. H. and H. R. R. Co.*, 223 Mass. 444, 448, 111 N. E. 960; *Tuttle* v. *St. Ry. Co.*, 239 Mass. 553, 556, 132 N. E. 360; *Rundgren* v. *St. Ry. Co.*, 201 Mass. 156, 158, 87 N. E. 189; *Fitzpatrick* v. *Boston Elevated Ry. Co.*, 249 Mass. 140, 144 N. E. 75, 76; *Anderson* v. *Davis*, 151 Minn. 454, 187 N. W. 224, 225; *Allen* v. *Schultz*, 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676, 679, and cases cited in note, page 680; *Southall* v. *Smith*, 151 La. 967, 92 So. 402, 27 A. L. R. 1194, and cases cited in note, page 1199; *Dwarkin* v. *Johnson*, 7 Boyce (Del.) 581, 110 Atl. 44, 46; *Thomas* v. *Pennsylvania R. R. Co.*, 275 Pa. 579, 119 Atl. 717, 719.

Our own decisions are in harmony with the above authorities. In *Hatch* v. *Daniels,* 96 Vt. 89, 94, 95, 117 Atl. 106, 107, the question was whether there was evidence of plaintiff's contributory negligence sufficient to submit to the jury. It was held that on the evidence he was confronted with an emergency "due wholly to defendant's negligence and not at all, to his own. At least, the jury could so find." The rule was thus stated: "When one, without his own fault but through the negligence of another, is so situated, he is not ordinarily, if ever, chargeable, as matter of law, with contributory negligence, if, in attempting to escape the danger, he makes a mistake in the method adopted." In *Sanderson* v. *B. and M. R. R.*, 91 Vt. 419, 423, 101 Atl. 40, 42, the plaintiff, a freight brakeman, while on a side ladder of a freight car, was injured by coming in contact with another freight car, of unusual width standing on a parallel track. The Court said: "But it cannot be said as matter of law that he

ought to have seen the car sooner; and a servant who suddenly finds himself in a dangerous situation for which he is not responsible is not held to the exercise of the coolest judgment." In *Lee* v. *Donnelly*, 95 Vt. 121, 126, 127, 113 Atl. 592, the sudden emergency doctrine was applied in considering the claimed negligence of the driver of an automobile in which the plaintiff was riding. But it was said that the driver's act in turning to the left to pass the defendant's car, which was parked on the right-hand side of the street "was the proper thing for him to do," and that the emergency existed when the defendant's car was, as the evidence tended to show, suddenly and without warning backed in his direction. It is clear that there was no negligence on the part of the driver contributing to the existence of the emergency. In *Kilpatrick* v. *G. T. Ry. Co.*, 74 Vt. 288, 304, 52 Atl. 531, 93 A. S. R. 887, the plaintiff, a freight brakeman, in the performance of his duty, attempted to climb the side ladder of a moving freight car. His foot slipped and before he could climb to a place of safety, he was struck by a post standing near the track. The Court held that when his foot slipped he was placed in a position of danger and that it could not be said as matter of law that his failure to think of the post and his liability to be struck was negligence on his part, and that in his second attempt to climb the ladder the same calmness and deliberation could not be expected of him, as in the first attempt. There was nothing in this case showing any claim that the plaintiff was negligent in allowing his foot to slip, and so placing himself in a dangerous situation.

[19] In all of the above cases, the doctrine has been invoked in favor of the plaintiff, alleged to be contributorily negligent. But it is equally applicable when the question is one of negligence on the part of a defendant. *Leslie* v. *Catanzaro*, 272 Pa. 419, 116 Atl. 504; *Post* v. *Richardson*, 273 Pa. 56, 116 Atl. 531.

[20] Since there was, in the instant case, evidence tending to show negligence on the part of the defendant, as to speed and failure to keep the car under control existing at the moment when she turned to the right behind the wagon, the proximate result of which was the collision and subsequent injury, the requested instructions, as framed, were inapplicable, and were property refused. *Kilpatrick* v. *G. T. Ry. Co.*, 74 Vt. 288, 306, 52 Atl. 531, 93 A. S. R. 887.

[21]    The defendant excepted to the failure of the court to comply with her sixth request, which was as follows: "In this case in order for the plaintiff to recover she must establish by the required measure of proof that the defendant was guilty of negligence in the operation of the automobile." But the charge amply covered this point. In it the jury were told that it was the duty of the defendant to use the care and prudence of a prudent man in view of all the circumstances; that if she failed to exercise this degree of care and that failure was proximate cause of the injury then she was guilty of actionable negligence. The term proximate cause was carefully and correctly defined, and the jury were further instructed that the "negligence on the part of the defendant is not to be presumed from the mere fact that there was an accident, but it must be proved by the plaintiff. The mere fact of an accident is not necessarily inconsistent with the exercise of due care."

An exception was taken to the failure of the court to instruct the jury as requested by the defendant in her tenth and eleventh requests, which were: "Tenth. One who invites another to ride is not bound to furnish a safe vehicle. Eleventh. An invited guest in an automobile accepts the vehicle as he or she finds it subject only to the rule that the operator must not set a trap or be guilty of active negligence in its operation." There was no error in refusing these requests. The duty owned by the driver of an automobile to an invited guest has been elsewhere explained in this opinion, and the charge as given upon this point correctly stated the law.

The defendant excepted to the failure of the court to charge as requested in her twelfth request, to the effect that, if the defendant through no want of care on her part, got into a situation from which she was unable to extricate the automobile which she was driving without an accident, that in itself does not render the defendant liable. What we have said above in considering the exception taken to the failure to charge as requested in the sixth request is applicable here. There was no error.

*Judgment reversed and cause remanded.*