*Municipal Court of the City of Boston*

No. 463613

**JOHN C. REED**

v.

**McCANN'S TAXI, INC.**

(May 13 — July 25, 1960)

*Present:* Roberts, J. (Presiding), Fox & Glynn, JJ.

Case tried to *Shamon, J.*

*Roberts, J.* In this action of tort the plaintiff seeks to recover for damage done to his motor vehicle as a result of the negligence of the defendant corporation. So far as material the answer pleaded a general denial and contributory negligence.

*At the trial there was evidence that* the plaintiff parked his motor vehicle on Commonwealth Avenue, a public highway in the City of Boston, at a point near Amory Street and headed toward intown Boston. It was testified that the roadway at this point is approximately the width of four cars. Upon returning the plaintiff found his motor vehicle had been run into and pushed forward some 6 to 8 feet and was damaged. The nature of the damages inflicted indicated that the plaintiff's car had been struck a severe blow in the right rear section. The defendant driver admitted that he struck the plaintiff's motor vehicle while proceeding along Commonwealth Avenue.

From his testimony and the defendant corporation's answer to interrogatories it could be found that about 8 p.m., on July 22, 1957

he was proceeding down Commonwealth Avenue and struck the plaintiff's parked vehicle which he did not see before colliding with it.

There was further evidence from the defendant's driver which, if believed, would warrant the court in finding the collision was occasioned as a result of the action of a third motor vehicle which swerved suddenly in front of him at a crossover in the reservation, cutting him off and causing him to swing to the right and into the plaintiff's parked motor vehicle.

At issue is the denial of the defendant's single request for ruling.

1. The act of the defendant's agent swerving into the car of the plaintiff, arising out of an emergency, caused by reason of another car cutting off the defendant's car, does not warrant a finding that such act of swerving into the plaintiff's car constituted negligence.

In denial of this request the court found:

"I find that the defendant's operator was negligent in the control and operation of the motor vehicle he was driving at the time he struck the plaintiff's car.

"I find for the plaintiff in the sum of $450.00."

There is no merit in the defendant's sole argument that the trial court was obliged to believe that part of the defendant driver's testimony that he was confronted with a sudden emergency not caused by his own tortious conduct which required a rapid decision or for that matter to find that the accident was caused by the action of a third party. While it is true that a defendant

cannot be charged with negligence because of a mere error of judgment where he is placed in sudden peril, and the circumstances are such as to require speedy decision and action, *Tuttle v. Conn. Valley,* 239 Mass. 553, the judge was not compelled to accept this version of the accident for clearly this issue was one of fact for the trial court. *Massie v. Barker,* 224 Mass. 420.

The defendant's request in issue is for a finding of fact not for a ruling of law and the trial court rightly denied it. *Gosselin v. Silver,* 301 Mass. 481; *Castano v. Leone,* 278 Mass. 429.

Report dismissed.

Philip D. Epstein of Swampscott, for the Plaintiff.
Charles M. Rosenfelt of Boston, for the Defendant.